(No. 21292.—

C. K. ANDERSON *vs.* RICHARD MACEK *et al.* Defendants in Error.—(LEO DAILEY, Receiver, Plaintiff in Error.)

*Opinion filed October 22, 1932.*

JONES, J., took no part.

RUNYARD & BEHANNA, for plaintiff in error.

136

Per CURIAM: From a judgment entered by the circuit court of Lake county imposing upon Richard Macek, Robert C. Abt and Harry P. Lowry jail sentences and fines for contempt of court the parties appealed to the Appellate Court for the Second District. That court reversed the judgment. The cause is here on *certiorari*.

Macek was the tenant of certain premises in Lake county upon which there was an amusement hall. A bill was filed in the circuit court of that county to foreclose a mortgage upon the premises, and on May 12, 1930, Leo Dailey was appointed receiver and went into possession thereof. On May 28, 1930, Macek executed to Lowry, who was in the plumbing and heating business, a chattel mortgage covering two oil burners and an electric plant which were then on the premises. The instrument was drafted by Abt, a real estate man. On July 21 Dailey padlocked the doors and locked all the windows of the building. He also posted notices on the doors which recited the order entered by the court and stated that anyone interfering with the receiver's possession would be ruled to show cause why he should not be cited for contempt. Macek, Lowry and Abt had personal knowledge of the appointment of the receiver. Subsequent to July 21, Macek, Lowry and Abt went together to the office of James G. Welch, an attorney, and discussed with him the matter of the chattel mortgage. Welch asked Lowry what he wanted to do, and Lowry said he presumed there was nothing to do but replevy the goods. Welch prepared the papers. Lowry executed the affidavit and Abt signed the bond. Macek was named as defendant in the suit. After unsuccessful attempts to reach the sheriff by telephone, Lowry and Abt encountered Sidney Dibble, a constable, who was under the impression that he was a deputy sheriff, and so stated. The writ was given to him to execute. With a screw-driver and a pair of pliers he gained entrance to the building. Macek and Lowry entered the premises and assisted in removing the oil burners and elec-

tric plant. Abt testified that he did not then enter the premises but that he drove up and sat in his car while the removal was going on. Other evidence was to the effect that he went into the building. The goods were stored in a barn which he had leased to Lowry that day. Upon learning of what had been done, Dailey filed a petition for a rule upon Macek, Lowry, Abt and Dibble to show cause why they should not be held in contempt of court for interfering with the receiver's possession. After a hearing, judgment was entered discharging the rule as to Dibble but finding the others guilty and imposing upon them sentences and fines as above indicated. Subsequently the court appointed an attorney as *amicus curiæ* to investigate the matter. After further hearings the court overruled motions to vacate the judgment. Defendants in error have filed no brief in this court.

A receiver is an officer of the court and his possession is the possession of the court itself. Any unauthorized interference therewith, either by taking forcible possession of the property committed to his charge or by legal proceedings for that purpose, without the sanction of the court appointing him, is a direct and immediate contempt of court. (*Richards* v. *People,* 81 Ill. 551; *Sercomb* v. *Catlin,* 128 id. 556; *St. Louis, Alton and Springfield Railroad Co.* v. *Hamilton,* 158 id. 366; *Kneisel* v. *Ursus Motor Co.* 316 id. 336.) The unauthorized institution of the replevin suit, the entry upon the premises by the breaking of locks and the removal therefrom of property as here disclosed clearly constituted a direct contempt, and the trial court properly so found. It had the power to punish for such contempt even though it be held to have been sitting as a court of chancery. (*People* v. *Panchire,* 311 Ill. 622.) Granting that defendants in error apparently thought, as there is some reason to believe, that they were warranted in their action because on Welch's advice another creditor had previously sued out a writ of replevin and received a settlement of his claim, it does not

follow that they were not guilty of contempt. Whether a direct contempt has been committed depends upon the act and not upon the alleged intention of the offending party. (*Kneisel* v. *Ursus Motor Co. supra.*) Nor is it a defense that defendants in error sought legal advice and acted, in part at least, upon it. The advice of attorneys is never a justification for contempt. *People* v. *McWeeney,* 259 Ill. 161.

The Appellate Court's judgment was apparently predicated upon the theory that the proceeding was docketed as a chancery matter, whereas it could only have been prosecuted in the name of the People of the State of Illinois. In the first place, it may be said that the record does not indicate that this point was raised in the trial court or argued in the Appellate Court. Furthermore, in *Lester* v. *People,* 150 Ill. 408, we said: "The holding in respect of whether the contempt proceeding should be entitled and prosecuted as an independent proceeding in the name of the people or carried on as a part of the civil proceeding to which it is incident is not uniform. The question has ordinarily been treated, as it necessarily is, of comparatively little importance." In *People* v. *Jilovsky,* 334 Ill. 536, we said that contempts are not crimes within the meaning of the statute defining misdemeanors, and that section 33 of article 6 of the constitution, which provides that "all prosecutions shall be carried on: In the name and by the authority of the People of the State of Illinois; and conclude: Against the peace and dignity of the same," has no application to a proceeding to punish for contempt. There was no warrant for holding the judgment a nullity on the ground suggested.

The judgment of the Appellate Court is reversed and the judgment of the circuit court is affirmed.

*Appellate Court reversed, circuit court affirmed.*

Mr. JUSTICE JONES took no part in this decision.