**Phillip Kitzer, Plaintiff-Appellant, v. L. Rice,
Defendant-Appellee.**

**Gen. No. M–51,676.**

First District, Second Division.

December 1, 1967.

Norman L. Hafron, of Chicago, for appellant.

Schiff, Hardin, White, Dorschel & Britton, of Chicago (Robert S. Hunt, of counsel), for appellee.

MR. PRESIDING JUSTICE LYONS delivered the opinion of the court.

This is an appeal by plaintiff, Phillip Kitzer, in an action for forcible detainer and rents due, from the entry of an order by the Circuit Court of Cook County on July 14, 1966, which order, upon the motion of defendant, Leonard Rice, dismissed plaintiff's complaint and granted a summary judgment on the facts as disclosed by the pleadings. The cause concerns the ordinary statutory proceeding brought pursuant to the provisions of Ill Rev Stats (1965) chapter 57, par 1 et seq., by landlord against tenant for possession and recovery of delinquent rents for the months of May and June, 1966, of the premises at 4146 West 83rd Street in the City of Chicago.

Save the testimony of plaintiff at the hearing on the motion, the facts of the case are limited by those which appear from the pleadings filed; i. e., the complaint, motion to dismiss and for summary judgment and reply or objections to said motion.

Plaintiff's complaint appears upon the standard form provided by the Clerk of the Court for cases of this nature. Such pleading avers plaintiff to be entitled to possession, being presently and unlawfully withheld by

defendant, and joins therein a prayer for $250 rent or damages for rents due from and after May 1, 1966.

Defendant filed a motion to dismiss and for summary judgment under section 48 of the Practice Act, which motion was accompanied by the supporting affidavit of defendant, together with attached Exhibits 1 through 8 inclusive. Defendant averred in substance:

1. That on April 27, 1966, defendant received written notice from the Marquette National Bank of Chicago, by one Robert Wesley (Exhibit 1), advising him that said bank was trustee and owner of the legal title of the premises occupied under Trust No. 1489, and directing him, under threat of eviction, to make all future rental payments to Marquette Bank.
2. That since April 27, 1966, defendant has made all payments of rent to Marquette.
3. That Marquette is, in fact, trustee of the property as evidenced by the Preliminary Report of Title by the Chicago Title and Trust Company. (Exhibit 2.)
4. That on July 31, 1964, the Plymouth Insurance Agency, Inc., by plaintiff, its President, executed an assignment of the beneficial interest in said Trust No. 1489 to Allied Realty of St. Paul, Inc., a Minnesota corporation, acceptance thereof in behalf of Allied being made by plaintiff as its President as well. (Exhibit 3.)
5. That by order of the court of Ramsey County, Minnesota, on August 4, 1965, the American Allied Insurance Company, a Minnesota corporation, was declared insolvent and placed in receivership, one Homer A. Bonhiver being appointed receiver to take possession of all properties and settle the affairs of said corporation. (Certified Exhibit 4.) American had, upon the complaint of the Com-

missioner of Insurance of the State of Minnesota, been found guilty of considerably understating certain of its reserves and overstating certain of its assets. The court found that, among other assets of American, there was included 100% of the outstanding stock of Allied Realty of St. Paul, Inc., its wholly owned subsidiary. Plaintiff was President of both corporations. Continuing, the court stated however:

"The miscellaneous real estate located in Illinois, . . . has no value which may be attributable since American . . . refused to present any indicia of ownership when demand was made, and there was no competent evidence to establish such ownership."

6. That the appointed receiver took possession pursuant to the court order of all of American's assets, including 100% of the stock of Allied (Exhibit 5, affidavit of Homer A. Bonhiver).
7. That by Certificate of Incumbency dated February 17, 1960, (Exhibit 6), Messrs. Homer A. Bonhiver and Frank J. Hammond were appointed the certified officers of Allied, and by resolution of the same date (Exhibit 7), were authorized individually to execute powers of direction, instructions, or assignments of any documents relating to the Marquette Trust No. 1489.
8. That Bonhiver, in this capacity, directed a letter to Marquette, attention of Robert Wesley (Exhibit 8), relative to an enclosed notice (not appearing of record) which Marquette was instructed to serve upon the tenants of the premises.

Plaintiff, in response, filed an unverified reply or objection to the motion of defendant, without aid of sup-

porting counteraffidavit, the material portions of which were:

1. That defendant has failed to deny, and thus admitted, the existence of the lease between the parties, his prior payments of rent to plaintiff, and plaintiff's satisfaction of taxes, insurance, and mortgage indebtedness on the property.
2. That by the language of the Minnesota court order, that court refused to recognize the validity of the assignment to Allied as well as any present ownership by American of real estate in Illinois, hence the authority of both Bonhiver and Hammond was void.
3. That accordingly plaintiff was, and is, the owner of equitable title to the building in question.
4. That defendant cannot endeavor to litigate the question of title in a forcible detainer case.

Thereafter, plaintiff had, in addition, testified briefly at the hearing on the motion, at which time he asserted the existence of an oral lease with defendant, the previous payments of rent thereunder being made by defendant to plaintiff, and plaintiff's satisfaction of all the debts of the property incident to ownership thereof. Thereupon, the court below entered its order dismissing the complaint and granting summary judgment, from which plaintiff filed his Notice of Appeal. Essentially, the question presented on appeal is the propriety of the admission into evidence of title documents in a forcible detainer action, each party advancing his respective theory in support of or in opposition thereto.

A forcible detainer action is a special and limited proceeding wherein the scope of judicial inquiry is confined to matters closely allied to the distinctive purpose of the governing statute; to wit, a determination of the right to immediate possession. Reid v. Arceneaux, 63 Ill App2d 113, 211 NE2d 24 (1965) ; Ill Rev Stats (1965)

chapter 57, pars 2 and 5. Accordingly, such representative cases as Piptone v. Mandala, 33 Ill App2d 461, 180 NE2d 33 (1962) ; Bleck v. Cosgrove, 32 Ill App 267, 177 NE2d 647 (1961) ; and Jordan v. Weston, 26 Ill App2d 498, 168 NE2d 809 (1960) have affirmatively established that the question of title cannot be made a proper subject matter of litigation in a forcible detainer action.

■ That principle admitted, defendant urges the admissibility of title documents into evidence where, as here, they are offered for the limited purpose of establishing or clarifying one's right to immediate possession of the premises. To the extent that such a procedure will not, as necessarily incident thereto, require an adjudication of contradictory claims to title, we deem defendant's position supported by appropriate authority. Piptone v. Mandala, 33 Ill App2d 461, 180 NE2d 33 (1962) ; Jordan v. Weston, 26 Ill App2d 498, 168 NE2d 809 (1960) ; Palkey v. Donichy, 18 Ill App2d 356, 152 NE2d 494 (1958) ; Layzod v. Martin, 305 Ill App 1, 26 NE2d 423 (1940). To hold otherwise under the guise of some rigid exclusionary rule, would be to preclude a tenant, under circumstances akin to the case at bar, from showing the derivation of his claim to rightful possession. Nicholson v. Walker, 4 Ill App 404 (1879).

■■ Plaintiff takes exception to defendant's theory, contending that the admission of the documents below operated as a subterfuge to the long established rules of estoppel upon the tenant. We consider that argument to be untenable in view of the facts here. The existence of an oral lease and a landlord-tenant relationship being admitted, defendant has endeavored to show nothing more than a superior right to possession in one from whom his possession was derived, the situs of title being merely collateral and incident to the evidence so offered. Clearly, under the facts here, evidence of payment by defendant to plaintiff would have been appropriately received. So too where, as below set out, that evidence related to payment

to one with rights of possession allegedly paramount to those of the landlord, it was properly admitted.

Our reasoning is based on a fundamental distinction made in cases such as Beach v. Boettcher, 323 Ill App 79, 55 NE2d 104 (1944), a distinction, we note, which plaintiff's arguments fail to resolve. In that case, a tax deed was caused to be executed to the Interstate Bond Company in satisfaction of certain delinquent real estate taxes from the years 1932 through 1941, approximately 2½ years after the lease in question had been entered into. Beach, the landlord-appellee, brought a forcible entry and detainer action against the tenant-appellant for said tenant's admitted nonpayment of rent for the month of July, 1943. The tenant interposed in defense the absence of title in his landlord. In reversing in favor of the tenant, the court in Beach said:

> ". . . the general rule with respect to estoppel by deed, is subject to the exception that a tenant may show the real estate has been conveyed subsequent to the execution of the lease, either voluntarily by the landlord or by operation of law. . . . If the estate is vested in a third person by operation of law, the tenant holds the possession subject to the title of such person. . . .
>
> ". . . *where the title of the landlord is extinguished . . . during the term, . . . the tenant may plead such termination in defense. . . .*"

Wooster v. Scott, 326 Ill App 442, 62 NE2d 36 (1945); Mitzlaff v. Midland Lumber Co., 338 Ill 575, 170 NE 695 (1930); 51 CJS § 276, p 926. Accordingly, Exhibits 1 through 8 were properly admitted.

 Plaintiff's further contention, that by his motion to dismiss defendant admitted the facts well pleaded in the complaint, is devoid of merit. Those facts were that plain-

tiff was entitled to possession being unlawfully withheld by defendant, were conclusions of law made by the pleader, going to the ultimate issue in the case, and hence were not admitted by the motion.

Defendant's motion and accompanying affidavit incorporated by reference attached Exhibits 1 through 8. Plaintiff in reply, at no juncture, presented any sworn evidence to the contrary, be it by verified motion, counteraffidavit, or testimony in open court. Only plaintiff's testimony at the hearing appears, that being totally absent of any denial of the material allegations of defendant's motion. The question presented by the motion was not that of a test of the legal sufficiency of the complaint, rather whether the defense raised by such motion barred plaintiff's right to proceed as in Keeran v. The Wahl Co., 320 Ill App 457, 51 NE2d 598 (1943). Ill Rev Stats (1965) chapter 110, par 48. Plaintiff, then, by his failure to deny by counteraffidavit is deemed to have admitted the truth of the material averments contained therein. Coleman v. Goran, 26 Ill App2d 288, 168 NE2d 56 (1960) ; Dorland v. Steinbrecher, 39 Ill App2d 368, 188 NE2d 746 (1963).

■ Defendant's motion with supporting documents sufficed to establish a superior right to possession in the receiver. There existing as a matter of law, no bona fide dispute as to any material fact and hence summary judgment was properly granted. Blonar v. Inland Steel Co., 57 Ill App2d 99, 207 NE2d 124 (1965). In this regard, plaintiff seizes upon the language of the Minnesota court order which found that there existed no competent evidence to establish American's (and Allied's) ownership of real estate in Illinois. When taken out of context, ostensibly that would seem to be a valid argument.

Viewed within perspective however, a contrary conclusion readily obtains. The action there was one of insolvency proceedings, the fact that American's liabilities exceeded its assets having been concealed by its over-

79

stating the value and/or extent of its holdings on its books of account. As the court there said:

"The books and records of American . . . and its wholly owned subsidiary are so kept that they fail to properly reflect American . . . assets. . . ."

It is from within this context, our examination reveals, that American, and hence Allied (by and through plaintiff as President of both), was found to have refused, when demand was made, to present any indicia of ownership in and to realty in Illinois.

It moreover appears that Bonhiver, as receiver, was directed by order of that court to take possession of *all* of the properties owned by American, part of which included 100% of the stock in Allied (Exhibit 4 (court order) and Exhibit 5 (affidavit of Bonhiver)), the latter company being the assignee of the beneficial interest in the subject premises, which assignment was executed in plaintiff's own hand approximately one year prior to the insolvency proceedings. (Exhibit 3.) That the Minnesota court recognized neither ownership by American of the beneficial interest involved, nor the validity of the assignment of same to Allied, under the circumstances disclosed, we feel to be foundless contention. The trial judge properly granted summary judgment. Giampa v. Sunbeam Corp., 68 Ill App2d 425, 216 NE2d 233 (1966). (Emphasis supplied.)

For the above reasons, the order is affirmed.

Order affirmed.

BURKE and BRYANT, JJ., concur.