164 Ill. App.3d 680 (1987)
518 N.E.2d 231
HERITAGE PULLMAN BANK, Plaintiff,
v.
AMERICAN NATIONAL BANK AND TRUST COMPANY OF CHICAGO, as Trustee, et al., Defendants (American National Bank as Trustee, Plaintiff-Appellant,
v.
Carmen Kurt et al., Defendants-Appellees).
No. 86-3381.
Illinois Appellate Court  First District (4th Division).
Opinion filed December 3, 1987.
Rehearing denied January 25, 1988.
*681 William J. Harte, Ltd., of Chicago (William J. Harte and Mary Ellen Rosen, of counsel), for appellant.
Earl A. Talbot and Morton Jaffee, both of Chicago, for appellees.
Reversed and remanded.
JUSTICE LINN delivered the opinion of the court:
Plaintiff, the American National Bank and Trust Company of Chicago, as trustee under trust No. 66176, brought a forcible detainer action in the circuit court of Cook County against defendants, the *682 Harris Trust and Savings Bank, as trustee under trust No. 35475 (the Harris Trust); its beneficiaries, Carmen and Frederick Kurt, and Norden Jacob (Kurt-Jacob beneficiaries); Sheridan Tower Associates, Ltd.; and the Chicago Title and Trust Company, as trustee under trust deed No. 24092347.
The trial court consolidated the forcible detainer action with a pending foreclosure action involving the same property. The court subsequently granted defendants' motion to dismiss the forcible detainer action pursuant to section 2-619(a)(3) of the Code of Civil Procedure. (Ill. Rev. Stat. 1985, ch. 110, par. 2-619(a)(3).) Plaintiff appeals, contending that the trial court could have, and should have, adjudicated the forcible detainer action without reaching the issues raised in the other pending foreclosure action.
We reverse the order of the trial court and remand.
This action involves a 101-unit apartment building located at 3900 North Pine Grove Avenue, in Chicago, Illinois. In determining whether to allow a motion to dismiss, a court must take all well-pled allegations of fact contained in the complaint as true and construe all reasonable inferences therefrom in the plaintiff's favor. (Cook v. Askew (1975), 34 Ill. App.3d 1055, 1057, 341 N.E.2d 13, 15.) Plaintiff alleged that in 1974, the Chicago Title and Trust Company, as trustee under trust No. 63837 (CT&T trust 63837), with its beneficiary, Sheridan Tower Associates, Ltd., created a leasehold estate in the property. CT&T trust 63837 entered into a lease agreement with defendants Harris Trust and the Kurt-Jacob beneficiaries. CT&T trust 63837 was the lessor and defendants Harris Trust with the Kurt-Jacob beneficiaries were the lessees.
CT&T trust 63837 and the Harris Trust amended the lease in 1977. The amended lease gave the Harris Trust the option of buying CT&T trust 63837's interest as lessor in the property. The lease amendment was recorded as trust deed document No. 24092347, with Chicago Title and Trust as trustee.
Pursuant to the lease amendment, the Harris Trust and the Kurt-Jacob beneficiaries bought the leasehold from CT&T trust 63837. They paid for the leasehold with a note, secured with a trust deed conveying the leasehold back to CT&T trust 63837.
In 1979, the Harris Trust and the Kurt-Jacob beneficiaries sold their interest as lessor to the National Boulevard Bank, as trustee for the beneficiary, the B & B Investment Company. In return, National Boulevard and B & B executed a note and secured it with a trust deed conveying the leasehold back to the Harris Trust and the Kurt-Jacob beneficiaries.
*683 B & B defaulted on the note. In 1982, the Kurt-Jacob beneficiaries brought an action to foreclose on the note. The trial court entered judgment for the Kurt-Jacob beneficiaries, who bought back the leasehold at a sheriff's sale.
The Kurt-Jacob beneficiaries subsequently defaulted on the note that they executed as payment for CT&T trust 63837's interest as lessor. CT&T trust 63837, with its beneficiary, Sheridan Tower, brought a foreclosure action in the trial court, which is still pending. In the course of the foreclosure action, the trial court appointed a receiver to manage the property.
In 1985, plaintiff bought CT&T trust 63837's interest in the property. Plaintiff further alleged that it and B & B subsequently reached an agreement in which B & B forfeited all of its rights under the lease, including any rights to immediate possession. On February 27, 1986, the trial court entered an agreed order that disposed of the controversy between plaintiff and B & B.
Plaintiff filed its forcible detainer action on August 21, 1986. Plaintiff alleged that B & B, while it still held the leasehold, violated the lease agreement by failing to pay on its note and its rent. Plaintiff sought a judgment that the lease was terminated and that it was entitled to immediate possession.
On October 1, 1986, the trial judge granted defendants' motion to dismiss, based on section 2-619(a)(3) of the Code of Civil Procedure. (Ill. Rev. Stat. 1985, ch. 110, par 2-619(a)(3).) The trial court ruled that it could not determine which party had the right to possession at that time. The court further ruled that it could address adequately the issue of possession with the many other issues in the foreclosure action. Plaintiff appeals, contending that the trial court erred in dismissing the forcible detainer action.

I
 1 Defendants initially challenge our jurisdiction to hear this appeal. Defendants note that the trial court consolidated the forcible detainer action with the foreclosure action. Defendants further note that the trial court, in dismissing plaintiff's forcible detainer action, did not make a written finding that there was no just reason for delaying an appeal of the order, as Supreme Court Rule 304(a) requires. (107 Ill.2d R. 304(a).) Defendants argue, therefore, that since the trial court's order was not a final judgment, and since the order lacked the requisite Rule 304(a) finding, then this court lacks jurisdiction to hear the appeal.
We disagree. Although the trial court consolidated the forcible detainer *684 action with the foreclosure action, the two actions retained their separate docket numbers. If the consolidated cause had proceeded to judgment, the trial court undoubtedly would have entered a separate judgment in each action. We conclude, therefore, that the consolidation of the forcible detainer action with the foreclosure action was only to permit a single hearing of evidence relating to common issues and did not result in the merging of the two matters into a single suit. (Kassnel v. Village of Rosemont (1985), 135 Ill. App.3d 361, 364, 481 N.E.2d 849, 851-52.) Thus, a Rule 304(a) finding was not required in the trial court's dismissal order. Consequently, we hold that we have jurisdiction to hear this appeal.

II
 2 Plaintiff first contends that the existence of the foreclosure action did not bar the trial court from an immediate hearing of the forcible detainer action. After plaintiff filed its forcible detainer action, it filed a counterclaim in the foreclosure action. Plaintiff sought the same relief as in the forcible detainer action, i.e., a declaration that the lease was terminated and that plaintiff was entitled to possession.
Section 2-619(a)(3) of the Code of Civil Procedure allows a defendant to seek the dismissal of an action when "there is another action pending between the same parties for the same cause." (Ill. Rev. Stat. 1985, ch. 110, par. 2-619(a)(3).) Actions are "for the same cause" when they arise out of the same transaction or occurrence. Skolnick v. Martin (1964), 32 Ill.2d 55, 57, 203 N.E.2d 428, 429-30.
Relying on La Salle National Bank v. Helry Corp. (1985), 136 Ill. App.3d 897, 483 N.E.2d 958, defendants argue that, in both the forcible detainer and the foreclosure actions, the parties are litigating the same issues based on the same facts. In the La Salle National Bank case, defendant learned that plaintiff would bring a forcible detainer action against it. Taking the initiative, defendant brought a declaratory judgment action against plaintiff. Defendant sought a declaration that it had the better right to possess the contested premises. Instead of filing an answer, plaintiff brought a separate forcible detainer action. We held that the trial court erred in denying defendant's motion to dismiss under section 2-619(a)(3). We stated, "[a]lthough the actions may be couched in different terms and request superficially different remedies, there is no doubt that both parties were litigating the right to possession of the premises." 136 Ill. App.3d at 906, 483 N.E.2d at 964-65.
The record in the instant case reveals, however, that issues and *685 parties are present in the foreclosure action that are absent from the forcible detainer action. Indeed, this is the very nature of an action under the forcible entry and detainer statute. The action calls for a special and limited proceeding. The scope of judicial inquiry is confined to a determination of the right to immediate possession. The question of title, therefore, cannot be litigated. (Kitzer v. Rice (1967), 90 Ill. App.2d 72, 76-77, 234 N.E.2d 115, 117.) Evidence of title may be admissible for the limited purpose of establishing or clarifying one's right to immediate possession. However, when the admission of title documents requires an adjudication of contradictory claims to title, such documents are inadmissible. A serious title dispute cannot be decided in an action under the forcible entry and detainer statute. 90 Ill. App.2d at 77, 234 N.E.2d at 118; Urbach v. Green (1957), 15 Ill. App.2d 186, 188, 145 N.E.2d 808, 810.
In contrast, a foreclosure proceeding involves the enforcement of a debt secured by a mortgage or a trust deed and is based on either the debt's maturity or a default of a condition in the instrument. (27 Ill. L. & Prac. Mortgages § 291 (1956).) Although one of the many issues in the foreclosure action is the right to possession, the forcible detainer and foreclosure actions here are based on different facts and are substantially different. Each action involves different parties and issues, and each seeks different relief; each has a different focus. We hold that, under section 2-619(a)(3) of the Code of Civil Procedure, the existence of the foreclosure action in the instant case did not bar plaintiff from bringing an action for possession under the forcible entry and detainer statute.

III
The record shows that in the course of the foreclosure action, the trial court appointed a receiver to manage the property during the litigation. Defendants argue that plaintiff cannot bring an action under the forcible entry and detainer statute where (A) plaintiff did not actually possess the property when the action arose, and (B) a receiver actually possessed the property at that time.

A
Plaintiff brought its action pursuant to section 9-102(a)(4) of the Code of Civil Procedure, where the forcible entry and detainer statute is now codified. That section provides:
"Sec. 9-102. (a) When action may be maintained. The person entitled to the possession of lands or tenements may be restored thereto in the manner hereafter provided:

*686 * * *
4. When any lessee of the lands or tenements, or any person holding under such lessee, holds possession without right after the termination of the lease or tenancy by its own limitation, condition or terms, or by notice to quit or otherwise." Ill. Rev. Stat. 1985, ch. 110, par. 9-102(a)(4).
The common law permitted an individual who was rightfully entitled to enter upon land to do so with force and arms and retain possession by force. (City of Chicago v. Chicago Steamship Lines, Inc. (1927), 328 Ill. 309, 312, 159 N.E. 301, 302.) The forcible entry and detainer statute now prohibits this conduct. (Ill. Rev. Stat. 1985, ch. 110, par. 9-101.) The statute provides the complete remedy at law for settling such disputes. A person seeking possession must use this remedy rather than use force. Ross v. Youngman (1906), 125 Ill. App. 494, 496, citing Phelps v. Randolph (1893), 147 Ill. 335, 341, 35 N.E. 243, 245.
The statute, therefore, is in derogation of the common law. Consequently, recovery under the statute is confined to cases falling within its provisions. Once a case falls within its provisions, however, a court should construe the statute liberally to effectuate the remedy it provides. West Side Trust & Savings Bank v. Lopoten (1934), 358 Ill. 631, 637, 193 N.E. 462, 464-65.
 3 Defendants note that the statute provides the sole means to "restore" a person to the possession of land. Defendants further note that to "restore" means to "put back" or "put in." Defendants reason that plaintiff cannot be "restored" to the property since plaintiff did not actually possess it when the cause arose. Defendants argue, therefore, that the forcible entry and detainer statute can offer plaintiff no relief.
We disagree. It is hornbook law that a forcible entry and detainer action seeks to restore to a person, peaceably, the possession of land. Since repossession is the goal of the action, a plaintiff must have been in possession of the property when the cause arose. It is equally well settled, however, that a statute may allow a forcible detainer action to lie where a plaintiff does not actually possess the property. 35 Am.Jur.2d Forcible Entry & Detainer § 14 (1967); 36A C.J.S. Forcible Entry & Detainer § 9 (1961).
Illinois courts have long construed the forcible entry and detainer statute to provide for actually two causes of action; an action for forcible entry and detainer, and an action for forcible detainer. In an action for forcible detainer, it is not essential either for the plaintiff to have had possession or for the defendant to have received possession *687 from plaintiff. Further, Illinois courts have long construed the fourth clause of section 9-102(a), under which plaintiff brings its action, as providing for an action in forcible detainer and not an action in forcible entry and detainer. (Ill. Rev. Stat. 1985, ch. 110, par. 9-102(a)(4); West Side Trust & Savings Bank v. Lopoten (1934), 358 Ill. 631, 636-39, 193 N.E. 462, 464-65.) Consequently, we hold that plaintiff's possession was not necessary for it to bring its action under the forcible entry and detainer statute.

B
 4 Defendants additionally contend that plaintiff cannot bring an action under the forcible entry and detainer statute where a receiver actually possessed the property when the action arose. A court appoints a receiver, based on its equity jurisdiction, to secure and preserve property for the benefit of all concerned, so that the property might be subjected to such an order as the court might render. (People ex. rel Scott v. Pintozzi (1971), 50 Ill.2d 115, 123, 277 N.E.2d 844, 849.) Further, "[a] receiver is an officer of the court and his possession is the possession of the court itself. Any unauthorized interference therewith, either by taking forcible possession of the property committed to his charge or by legal proceedings for that purpose, without the sanction of the court appointing him, is a direct and immediate contempt of court." Anderson v. Macek (1932), 350 Ill. 135, 137, 182 N.E. 745, 746.
 5 The record in the instant case shows that the receiver manages the property. He provides for the maintenance and upkeep of the apartment building, collects rents, etc. After searching the record, we do not see how the determination of possession could hinder the receiver in performing his duties. We hold that the receivership does not bar plaintiff from bringing an action under the forcible entry and detainer statute.
For the foregoing reasons, the order of the circuit court of Cook County dismissing plaintiff's forcible detainer action is reversed, and the cause remanded to the trial court for further proceedings not inconsistent with this opinion.
Reversed and remanded.
McMORROW, P.J., and JIGANTI, J., concur.