SECOND DIVISION
 NOVEMBER 26, 1996

1-96-0594

NATIONWIDE MUTUAL INSURANCE 
COMPANY,

 Plaintiff-Appellee,

 v.

MICHAEL FILOS,

 Defendant-Appellant.
) Appeal from the
) Circuit Court of
) Cook County.
)
) No. 93 L 14065
) 93 CH 8405
) (Consolidated) 
)
) The Honorable
) Aaron Jaffe,
) Judge Presiding.
 JUSTICE DiVITO delivered the opinion of the court:

 Defendant Michael Filos filed a products liability action
after he was injured by a dough breaker machine at his place of
employment. Without reserving its rights, plaintiff Nationwide
Mutual Insurance Company (Nationwide), one of the insurers of the
manufacturer of the machine, admitted that it provided coverage for
his injury. Twenty-three days before trial was set to begin,
Nationwide denied coverage and filed this declaratory judgment
action, seeking a determination as to its liability. Finding that
Nationwide's insurance policy did not provide coverage for Filos'
injury, the circuit court granted its motion for summary judgment. 
The question of first impression presented in this appeal is
whether an exception to the general rule that the doctrine of
estoppel will not operate to create primary insurance liability is
available in Illinois. For the reasons that follow, we conclude
that it is. 
 Filos' former employer, Noodles of China, ordered a dough
breaker machine from its designer and manufacturer, Volpi & Son
Machine Corporation Southbrook Division, Inc. (Volpi), on June 29,
1978. Almost 10 years later, on June 16, 1988, Filos severely
injured his hand while operating the dough breaker machine. 
 In December 1988, Filos sued Volpi, contending that the dough
breaker was unreasonably dangerous and defectively designed. When
Joseph Volpi, the president of Volpi, received a copy of the
summons and complaint, he directed that it be sent to the different
insurance companies with which Volpi had had coverage in order to
determine whether it was covered by any of them. A letter was sent
to Nationwide advising it that Volpi's records indicated that its
policy, which was in effect from April 2, 1978, to February 2,
1981, provided Volpi with protection from the suit and asking that
it respond to the summons. Sometime in early 1989, without
reserving its rights, Nationwide informed Volpi that it was covered
for the accident. 
 From early 1989 until August 1993, Nationwide defended Volpi
in the underlying litigation. On June 11, 1990, in an answer to
Filos' interrogatories, Nationwide stated that its "policy was in
effect on the date of occurrence, maximum liability limits-One
Million Dollars Aggregate." In November 1991, Nationwide's in-
house claims attorney, James Boyd, prepared a request for appraisal
in which he recommended a settlement offer of $350,000. Although
a representative of Nationwide made a settlement offer of $350,000
in a pretrial conference on November 12, 1991, it was not accepted.
 In August 1993, Eugene Tierney, one of Nationwide's attorneys,
reviewed Filos' file. He noticed that the date of loss was
erroneously recorded as the date of the sale of the dough breaker. 
In his opinion, the date of loss was the date Filos was injured. 
On August 20, 1993, 23 days before trial was set to begin, he
advised Filos' attorney that the settlement offer was withdrawn and
that Nationwide had not provided insurance coverage to Volpi on the
date of the occurrence. On August 31, 1993, Nationwide filed an
amended interrogatory answer, denying that Volpi was covered by its
policy on June 16, 1988. 
 On September 15, 1993, a settlement order dismissing Filos'
action against Volpi was entered in the circuit court. The order
provided for judgment in favor of Filos in the amount of $400,000. 
A settlement assignment was signed by Filos, Yvonne Chambers, one
of Nationwide's claims attorneys, and Joseph Volpi. That document
provided that Nationwide denied liability and that Filos agreed not
to execute the judgment against Volpi in exchange for Volpi's
assignment of any rights that it might have against Nationwide.
 On September 16, 1993, Nationwide filed this action, a
complaint for declaratory judgment, seeking a determination that it
was not liable for the $400,000 judgment. Filos and Volpi, in
turn, filed a complaint at law against Nationwide, alleging
constructive fraud and breach of fiduciary duty. In March 1994,
that suit and Nationwide's declaratory judgment action were
consolidated. On January 26, 1996, finding that Nationwide's
policy did not provide coverage for Filos' injury, the circuit
court granted summary judgment in favor of Nationwide. Filos
appeals. 
 I
 Because the order of the circuit court granting summary
judgment did not dispose of all claims raised in the consolidated
action and did not contain a Supreme Court Rule 304(a) finding, we
first address the question of whether we have jurisdiction to
entertain this appeal. 
 Supreme Court Rule 304(a) (134 Ill. 2d R. 304(a)) provides in
relevant part that "[i]f multiple parties or multiple claims for
relief are involved in an action, an appeal may be taken from a
final judgment as to one or more but fewer than all of the parties
or claims only if the trial court has made an express written
finding that there is no just reason for delaying enforcement or
appeal." 134 Ill. 2d R. 304(a). Rule 304(a) does not necessarily
apply to all actions involving multiple claims or parties. E.g.,
Northtown Warehouse & Transportation Co. v. Transamerica Insurance
Co., 111 Ill. 2d 532, 490 N.E.2d 1268 (1986) (Rule 304(a) finding
not required where counterclaim is severed from case in chief). 
 Where a consolidation concerns several actions involving an
inquiry into the same event in its general aspects and is limited
to a joint trial, with separate docket entries, verdicts and
judgments, an order dismissing one of the actions is deemed final
and immediately appealable. Heritage Pullman Bank v. American
National Bank & Trust Co., 164 Ill. App. 3d 680, 683-84, 518 N.E.2d
231 (1987); Kassnel v. Village of Rosemont, 135 Ill. App. 3d 361,
364, 481 N.E.2d 849 (1985). In such a case, Supreme Court Rule
304(a) language is not required before a reviewing court will have
jurisdiction. Heritage Pullman, 164 Ill. App. 3d at 684. Where
several actions actually merge into one action, however, thereby
losing their identity, they are disposed of as one suit and Supreme
Court Rule 304(a) language is necessary before an appeal of
dismissal of less than all counts will be heard. Kassnel, 135 Ill.
App. 3d at 364. 
 Here, the consolidated action took the first form. The motion
for consolidation of Nationwide's declaratory judgment action and
Filos' law action stated that because both cases involved the same
parties and common questions of fact, judicial economy, the
convenience of the parties, and the avoidance of inconsistent
results required consolidation. Because the consolidation was done
only for convenience and economy, "it did not merge the causes into
a single suit, or change the rights of the parties, or make those
who were parties in one suit parties in another." Shannon v.
Stookey, 59 Ill. App. 3d 573, 577, 375 N.E.2d 881 (1978). Thus,
because the law action retained its distinct identity, the order
granting summary judgment as to the declaratory judgment action was
appealable without Rule 304(a) language. We have jurisdiction to
entertain Filos' appeal under Supreme Court Rule 301. Heritage
Pullman, 164 Ill. App. 3d at 684; see Kassnel, 135 Ill. App. 3d at
364. 
 II
 Filos contends that the circuit court erred in granting
summary judgment on the basis that Nationwide's policy did not
provide coverage for his injury. He asserts that Nationwide's
policy in fact provided coverage for his injury because it was in
effect during the time the dough breaker was manufactured and sold.
 In appeals from an order granting summary judgment, a
reviewing court examines the record de novo. In re Estate of
Hoover, 155 Ill. 2d 402, 411, 615 N.E.2d 736 (1993). A court must
consider the affidavits, depositions, admissions, exhibits and
pleadings on file and must construe the evidence strictly against
the movant. Hoover, 155 Ill. 2d at 410. Summary judgment is
appropriate if there are no genuine issues of material fact and the
movant is entitled to judgment as a matter of law. Outboard Marine
Corp. v. Liberty Mutual Insurance Co., 154 Ill. 2d 90, 102, 607
N.E.2d 1204 (1992). 
 Filos contends that Nationwide's actions indicated that the
date of loss, which was used to determine coverage, was the date of
sale of the dough breaker. Nationwide responds that because the
date of loss was the date of injury, its policy did not provide
coverage for Filos' injury. Although a series of documents
generated by Nationwide contains contradictory information
concerning what its representatives believed the relevant date of
loss for the claim to be, the policy itself provided that it
applied only to bodily injury "sustained by any person during the
policy period." Accordingly, the date of loss must be the date of
injury and Filos' argument that the policy in fact covered his
injury, which occurred outside the policy period, is rejected. 
 Filos' next contention is that even if the policy did not in
fact provide coverage for his injury, Nationwide is estopped from
denying coverage by defending Volpi for approximately four years
without a reservation of rights. 
 Estoppel "'prevents the assertion of a contractual condition
by a party who, through words or conduct, has fostered the
impression that the condition will not be asserted as a legal
defense.'" Schoonover v. American Family Insurance Co., 214 Ill.
App. 3d 33, 45, 572 N.E.2d 1258 (1991), appeal denied, 141 Ill. 2d
560, 580 N.E.2d 134 (1991), quoting First Federal Savings & Loan
Ass'n v. Nationwide Mutual Fire Insurance Co., 460 A.2d 543, 545
(Del. 1983). Estoppel is defensive in nature; its function is to
preserve rights, not to create a cause of action. 18 Couch
Insurance 2d. 71:41, at 268 (rev. 1982). It is "'designed to
prevent a party's disavowal of previous conduct if such repudiation
"would not be responsive to the demands of justice and good
conscience."'" White v. Austin, 172 N.J. Super 451, 454, 412 A.2d
829, 830 (1980), quoting Carlsen v. Masters, Mates & Pilots Pension
Plan Trust, 80 N.J. 334, 339, 403 A.2d 880, 883 (1979).
 Illinois courts have followed the general rule that the
doctrine of estoppel cannot be used to create primary liability or
to increase coverage provided under an insurance policy. Bourne v.
Seal, 53 Ill. App. 2d 155, 203 N.E.2d 12 (1964); Jennings v.
Bitumious Casualty Corp., 47 Ill. App. 2d 243, 197 N.E.2d 513
(1964); Spence v. Washington National Insurance, 320 Ill. App. 149,
50 N.E.2d 128 (1943); Commonwealth Insurance Co. v. O. Henry Tent
& Awning Co., 287 F.2d 316 (7th Cir. 1961). This doctrine is
consistently adhered to in other jurisdictions. E.g., Sellers v.
Allstate Insurance Co., 82 F.3d 350 (10th Cir. 1996); Mississippi
Hospital & Medical Service v. Lumpkin, 229 So. 2d 573 (Miss. 1969).
The rationale for the general rule is that an insurance company
should not be made to pay for a loss for which it has not charged
a premium. Annotation, 1 A.L.R.3d 1139, 1144 (1965). Here,
Nationwide argues that estoppel is unavailable to Filos because its
policy was not in effect at the time of his injury.
 Two exceptions to the general rule that estoppel cannot create
coverage where none exists have developed in other jurisdictions. 
One trend has been to permit application of promissory estoppel
where an insurer misrepresents the extent of coverage to an
insured, thereby inducing the insured to purchase coverage which
does not in fact cover the disputed risk. E.g., Crown Life
Insurance v. McBride, 517 So. 2d 660, 662 (Fla. 1987) (citing a
number of courts that have adopted this position in recent years);
Bucon, Inc. v. Pennsylvania Manufacturing Ass'n Insurance Co., 151
A.D.2d 207, 547 N.Y.S.2d 925 (1989). This exception has been used
"to create insurance coverage where to refuse to do so would
sanction fraud or other injustice." Crown Life, 517 So. 2d at 662;
United Self Insured Services v. Fabe, 561 So.2d 1358, 1359 (Fla.
App. 1990). Because this exception is not relevant to this case,
we need not determine its applicability in Illinois.
 The second exception to the general rule, which is germane to
the instant case, applies where an insurer defends an action on
behalf of an insured, with knowledge of facts that would provide a
defense to coverage, but without a reservation of rights. Braun v.
Annesley, 936 F.2d 1105, 1110 (10th Cir. 1991). Under those
circumstances, if the insurer attempts to deny coverage at a later
date, it is estopped from raising the known facts as a defense. 
Braun, 936 F.2d at 1110.
 This exception to the general rule "is predicated upon the
insurer's conflict of interest: it is too likely to be defending
the insured in the lawsuit while at the same time formulating
policy defenses to deny coverage." American Eagle Insurance Co. v.
Nettleton, No. 08-94-00359-CV, slip op. at 4 (Tex. Ct. App. July
25, 1996). It has also been justified by the fact that the insured
is deprived of his right to control his defense. State Farm
Lloyds, Inc. v. Williams, 791 S.W.2d 542, 551 (Tex. Ct. App. 1990). 
 Jurisdictions that have applied the second exception to the
general rule have used it to expand coverage under an existing
contract. Braun, 936 F.2d at 1111 (insurer is estopped from
denying coverage for driver not covered by policy); Williams, 791
S.W.2d at 552 (insured is estopped from asserting that policy
covered judgments based only on personal liability).
 Courts have also used the second exception to create primary
liability. In Florida Physicians Insurance Co. v. Stern, 563 So.
2d 156 (Fla. App. 1990), for example, the court held that the
insurer was estopped from denying coverage for an injury that
occurred during coverage provided by a different insurer where it
defended for more than one year's time with knowledge that the
claim had been previously reported to the other insurer. 
Similarly, in Hartford Insurance Group v. Mello, 81 A.D.2d 577, 437
N.Y.S.2d 433 (1981), where the insurer defended the insured for two
years, it was estopped from denying coverage for an incident that
occurred prior to commencement of the policy.
 Also, in Boston Old Colony Insurance Co. v. Lumbermens Mutual
Casualty Co., 889 F.2d 1245 (2d Cir. 1989), the court rejected an
insurer's attempt to disclaim liability after trial on the basis
that its policy had terminated. Finally, in White v. Austin, 172
N.J. Super 451, 456, 412 A.2d 829, 830 (1980), the insurer was
estopped from denying coverage by its failure to respond to a
summons and complaint for six years, notwithstanding that it had
never provided insurance to the person who had claimed he was
insured. 
 Nationwide relies chiefly on Bourne, the approximately 30-
year-old Illinois case in which the court adopted the general rule
that estoppel will not operate to create a contract. Bourne, 53
Ill. App. 2d at 170. The court in Bourne did not address whether
any exceptions to the general rule might apply. Indeed, because
the exceptions to the general rule are of recent development, the
Bourne court would have had to be prescient to do so. Since
Bourne, we have not had an occasion to consider the estoppel issue. 
 We opt to join the emerging trend in permitting application of
the second exception. The policies that undergird the second
exception--the potential conflict of interest between insurer and
insured and the insured's relinquishment of his right to control
his defense--are relevant in Illinois. Accordingly, justice and
good conscience demand that the second exception be applied in
Illinois: where, as here, an insurer, with actual or constructive
knowledge of a defense to coverage nevertheless assumes defense of
an insured, it may be estopped from denying coverage,
notwithstanding that coverage for the risk did not in fact exist. 
We note that because Bourne did not address whether the general
rule had any exceptions, our holding does not conflict with
existing Illinois precedent. 
 To prevail under this exception, the insured must demonstrate
that the insurer was actually or constructively aware of the facts
or circumstances indicating noncoverage. Williams, 791 S.W.2d at
552. In addition, the insured must establish the elements of
estoppel: that he was misled by an act or statement of Nationwide,
he reasonably relied on the conduct or representation, and he was
prejudiced thereby. Seegers Grain Co. v. Kansas City Millwright
Co., 230 Ill. App. 3d 565, 571, 595 N.E.2d 113 (1992), appeal
denied, 146 Ill. 2d 652, 602 N.E.2d 476 (1992). The foregoing must
be proved by clear, concise, and unequivocal evidence. Western
Casualty & Surety Co. v. Brochu, 105 Ill. 2d 486, 500, 475 N.E.2d
872 (1985).
 Here, Nationwide's sole ground for summary judgment was that
estoppel was unavailable to Filos. Because we have concluded that
it may be available, we reverse and remand for further proceedings
consistent with this opinion.
 Reversed and remanded.
 HARTMAN, P.J., and SCARIANO, J., concur.