2023 IL App (1st) 231280-U

No. 1-23-1280

Filed November 9, 2023

Fourth Division

**NOTICE**: This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| EDWARD KODRYAN a/k/a EDUARD KODRYAN, | ) ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff and Counter Defendant-Appellee, | ) ) | |
| v. | ) ) | 2020 CH 6088 |
| DANIEL LUKASZEWICZ and NORTHSHORE CAR CENTER, LLC, | ) ) ) ) | |
| Defendants, | ) ) | |
| (Daniel Lukaszewicz, Defendant and Counter Plaintiff-Appellant). | ) ) ) | Honorable Cecilia A. Horan Judge, presiding. |

JUSTICE MARTIN delivered the judgment of the court.
Justices Hoffman and Ocasio concurred in the judgment.

**ORDER**

¶ 1     *Held*:  Appellant failed to meet his burden to support a claim of error. The circuit court did not abuse its discretion by appointing a receiver.

¶ 2                                  I. BACKGROUND

¶ 3     Edward Kodryan and Daniel Lukaszewicz incorporated NorthShore Car Center, LLC (the Company) in 2017. They were the sole members and managers, and each held a 50% ownership

interest. Using the name NorthShore Car Center, the Company bought and sold vehicles and offered automotive repair and car wash services at a location on Techny Road in Northbrook, Illinois. By 2020, Kodryan and Lukaszewicz's personal and business relationships deteriorated. According to Kodryan, Lukaszewicz expelled him from the Company. Lukaszewicz began denying Kodryan access to the Company's bank accounts and financial information in April 2020. Lukaszewicz obtained a Paycheck Protection Program (PPP) loan without Kodryan's consent and was using the Company's resources for his personal benefit. Thus, Kodryan asserted a claim of breach of fiduciary duty against Lukaszewicz. In addition, he sought dissolution of the Company and an order compelling Lukaszewicz to provide an accounting.

¶ 4        Lukaszewicz filed an answer denying the allegations that he had expelled Kodryan from the LLC. He also filed a counter-complaint, which essentially alleged that Kodryan was responsible for the breakdown in their business relationship and the Company's dysfunction. Among other allegations, Lukaszewicz claimed that Kodryan failed to report or provide documents for vehicles he had bought and sold, and withdrew company funds, which he used for other ventures. Like Kodryan, Lukaszewicz also sought dissolution of the Company, that the Company's affairs be wound up,[1] and that an accounting be ordered.

¶ 5        Kodryan filed a motion for appointment of a receiver in April 2021. Kodryan claimed that a receivership was necessary to avoid an imminent loss of assets while litigation was pending. He asserted that he would be disproportionately harmed if the Company were not placed in receivership because he invested over $500,000 in the Company from both personal funds and loans, while Lukaszewicz had not contributed any capital. Lukaszewicz opposed the appointment

---

[1]Pursuant to 805 ILCS 180/35-4(e) (West 2020), a "circuit court may order judicial supervision of the winding up of a dissolved limited liability company, including the appointment of a person to wind up the company's business."

of a receiver. After briefing, the court denied the motion to appoint a receiver without prejudice and ordered Lukaszewicz to provide an accounting.

¶ 6    In November 2022, Kodryan moved for leave to file an amended complaint. Kodryan asserted that he recently learned Lukaszewicz had (1) exercised a five-year lease option for the business premises on Techny Road, (2) obtained substantial loans, and (3) entered into a $500,000 auto paint contract. Based on this information, Kodryan wished to add allegations to his breach of fiduciary duty claim and add a claim for conversion. The court granted Kodryan leave to file his amended complaint in January 2023.

¶ 7    Kodryan filed a second motion to appoint a receiver in January 2023. The motion included the new allegations from Kodryan's amended complaint and provided more detail as to expenditures Kodryan made for the company, mostly relating to acquiring equipment. He also claimed that Lukaszewicz was using the company's assets for his own benefit.

¶ 8    Lukaszewicz responded that a receiver was unnecessary because the company ceased operating at the end of September 2022. He further claimed that the company had no assets and disputed that Kodryan had made the claimed expenditures for equipment. In addition, Lukaszewicz denied that Kodryan was expelled from the company, and argued that Kodryan voluntarily abandoned it.

¶ 9    In subsequent briefing, Kodryan alleged that (1) Lukaszewicz made substantial withdrawals of funds from the Company's accounts, (2) the Company's assets, including equipment, were unaccounted for, and (3) Lukaszewicz was operating a substantially similar business out of the same location on Techny Road under the name "NorthShore Car Care." Kodryan attached records from the Illinois Secretary of State showing NorthShore Car Care was an assumed business name belonging to Black Onion, LLC, which Lukaszewicz and his wife

incorporated. Kodryan also attached copies of online materials indicating NorthShore Car Care held itself out as an auto repair shop, and photographs of the Techny Road location bearing a sign reading "NorthShore Car Care."

¶ 10     According to an agreed statement of facts, counsel for both parties appeared for oral argument on the motion to appoint a receiver on May 24, 2023, via the online video conferencing application Zoom. Neither Kodryan nor Lukaszewicz testified. Lukaszewicz's counsel argued, *inter alia*, that a receiver was unnecessary since the Company ceased doing business at the end of September 2022. Kodryan's counsel countered that a receiver was necessary because Lukaszewicz had converted the assets of the Company to operate a new business under the name NorthShore Car Care. Following argument, the court entered a written order granting Kodryan's second motion to appoint a receiver.

¶ 11     Thereafter, both parties proposed certain persons to serve as receiver. Kodryan submitted a proposed order appointing a receiver, and revisions of the same, following conferences with the court. Lukaszewicz continued to object to the appointment of a receiver. On July 6, 2023, the court entered an order appointing Arlen Lasinsky and Marcum LLP as receiver. The court modified the proposed order as to the receiver's duties. Lukaszewicz filed a notice of interlocutory appeal from the order appointing receiver on July 17, 2023.[2]

¶ 12                                    II. ANALYSIS

¶ 13                                    A. Jurisdiction

¶ 14     Initially, Kodryan challenges whether we have jurisdiction to consider Lukaszewicz's appeal. Specifically, Kodryan argues the notice of appeal was untimely since the circuit court granted the motion to appoint a receiver on May 24. Accordingly, the 30-day period to file an

---

[2]In adherence with the requirements of Illinois Supreme Court Rule 352(a) (eff. July 1, 2018), this appeal has been resolved without oral argument upon the entry of a separate written order.

interlocutory appeal pursuant to Illinois Supreme Court Rule 307(a)(2) (eff. Nov. 1, 2017) began on that date, and not July 6 when the court actually selected a receiver. Kodryan further highlights that the substance of Lukaszewicz's brief is directed at the court's May 24 decision to appoint a receiver and not the July 6 order that chose the receiver.

¶ 15    Lukaszewicz counters that the plain language of Rule 307(a)(2) refers to the appealability of an order appointing a receiver, which the May 24 order did not do. The May 24 order only ruled that the motion to appoint a receiver was granted. The receiver was not actually appointed until July 6. Lukaszewski further posits that the May 24 and July 6 orders are intertwined. That is, the May 24 order was a " 'step in the procedural progression' " leading to the July 6 order, making the May 24 order reviewable in an appeal from the July 6 order. *231 W. Scott, LLC v. Lakeside Bank*, 2017 IL App (1st) 161131, ¶ 29 (quoting *City of Chicago v. Concordia Evangelical Lutheran Church*, 2016 IL App (1st) 151864, ¶ 70).

¶ 16    We agree with Lukaszewicz. Illinois Supreme Court Rules "have the force of law, and the presumption must be that they will be obeyed and enforced as written." *Bright v. Dicke*, 166 Ill. 2d 204, 210 (1995). We interpret supreme court rules in the same manner as statutes. *Lake Environmental, Inc. v. Arnold*, 2015 IL 118110, ¶ 12. As with statutes, we must ascertain and give effect to the drafters' intent. *People v. Gorss*, 2022 IL 126464, ¶ 10. "The most reliable indicator of the drafters' intent is the language of the rule, which must be given its plain and ordinary meaning." *Id.*

¶ 17    Rule 307 provides that an appeal may be taken from an interlocutory order "appointing or refusing to appoint a receiver or sequestrator." Ill. S. Ct. R. 307(a)(2) (eff. Nov. 1, 2017). Plainly, the circuit court's May 24 order did not appoint or refuse to appoint a receiver. The court only granted Kodryan's motion to appoint a receiver, indicating that a receiver would be appointed in

the future. Only the July 6 order actually appointed a receiver. Thus, Lukaszewicz's July 17 notice of appeal was timely filed.

¶ 18       Likewise, we agree that an appeal from the July 6 order appointing a receiver makes the May 24 order in which the court decided that a receiver would be appointed reviewable. "[R]eview of an interlocutory order may well require review of 'attendant' prior orders, *i.e.*, those intertwined with the merits of the interlocutory order." *U.S. Bank National Ass'n v. In Retail Fund Algonquin Commons, LLC*, 2013 IL App (2d) 130213, ¶ 22. The decision as to whether a receiver will be appointed and the ultimate appointment of a receiver are necessarily intertwined. Accordingly, we find that we have jurisdiction to review the circuit court's May 24 order granting the motion to appoint receiver.

¶ 19                        B. Appointment of a Receiver

¶ 20       The circuit court may appoint a receiver " 'based on its equity jurisdiction, to secure and preserve property for the benefit of all concerned, so that the property might be subjected to such an order as the court might render.' " *City of Chicago v. Jewellery Tower, LLC*, 2021 IL App (1st) 201352, ¶ 47 (quoting *Heritage Pullman Bank v. American National Bank & Trust Co. of Chicago*, 164 Ill. App. 3d 680, 687 (1987)). " 'The power to appoint a receiver is most usually called into action either to prevent fraud, save the subject of litigation from material injury, or rescue it from threatened destruction.' " *Id*. (quoting *Compton v. Paul K. Harding Realty Co.*, 6 Ill. App. 3d 488, 497-98 (1972)). The decision to appoint a receiver is within the sound discretion of the trial court. *Leib v. Toulin, Inc.*, 113 Ill. App. 3d 707, 718 (1983); *Prassas v. Nicholas W. Prassas & Co.*, 102 Ill. App. 3d 319, 321 (1981); *Poulakidas v. Charalidis*, 68 Ill. App. 3d 610, 613 (1979). Whether a court abuses its discretion by appointing a receiver depends on the circumstances surrounding the

case. *People ex rel. Fahner v. Community Hospital of Evanston*, 108 Ill. App. 3d 1051, 1059 (1982).

¶ 21　　　　The appointment of a receiver is a harsh remedy and should only be exercised "after the court has been convinced that such remedy is absolutely necessary to prevent irreparable losses." *Leib*, 113 Ill. App. 3d at 718-19. The standards by which the court's appointment must be measured are "exceptionally stringent." *Poulakidas*, 68 Ill. App. 3d at 614 (1979). "A court of equity has the power to appoint a receiver of a corporation only when conditions of dissension, dispute, fraud or mismanagement exist, which make it impossible for the business to continue or to preserve its assets." *Id*. Dissension and dispute between the parties alone does not justify so drastic a remedy. *Prassas*, 102 Ill. App. 3d at 321. "It must be shown that the dissension or misconduct made it impossible for the business to continue to preserve its assets [citation] or created a danger that the property be placed beyond the jurisdiction of the court." *Id*. "The appointment of a receiver is appropriate only in cases of urgent necessity where there is a present danger to the interests of the investors, consisting of a serious suspension of the business and an imminent danger of dissipation of the corporate assets." *Poulakidas*, 68 Ill. App. 3d at 614. The remedy is warranted "only when there is no other adequate remedy or means of securing the desired result." *Lieb*, 113 Ill. App. 3d at 720.

¶ 22　　　　Lukaszewicz argues the circuit court abused its discretion since it made no findings to satisfy the "stringent" standards for appointing a receiver. To support this contention, he relies on the lack of explicit findings in both the May 24 order granting Kodryan's motion to appoint a receiver and the July 6 order appointing the receiver. Thus, he asserts "[t]he underlying record is *** entirely devoid of any such prerequisite findings." This is accurate. However, the record before us is limited to what Lukaszewicz supplied. It is the appellant's burden to affirmatively

demonstrate error from the record. *In re Alexander R.*, 377 Ill. App. 3d 553, 557 (2007). The common law record here demonstrates that the parties thoroughly briefed their respective positions regarding the appointment of a receiver. The agreed statement of facts indicates counsel for each party participated in oral argument on the motion via the Zoom video conferencing application on May 24. The court decided the question and entered an order granting the motion to appoint a receiver the same day. With no transcript or bystander's report of the May 24 proceeding, we are unable to determine whether the court made sufficient findings to warrant the appointment of a receiver. See *Cannon v. William Chevrolet/Geo, Inc.*, 341 Ill. App. 3d 674, 685 (2003) ("Without the transcript, we are unable to discern the trial court's reasoning and whether it abused its discretion."). And we cannot presume that the court failed to make the requisite findings. To the contrary, we must presume the opposite. In the absence of a record demonstrating the existence of error, it will be presumed that the trial court acted in conformity with the law and that it had a sufficient factual basis for its rulings. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984).

¶ 23        Additionally, Lukaszewicz contends the court could not make sufficient findings to warrant the appointment of a receiver since neither of the parties testified, neither had been deposed, and the hearing on the matter consisted of argument without presentation of evidence. The record, however, does not indicate that Lukaszewicz objected to the court's procedure on the motion to appoint receiver below. Objections to procedure cannot be raised for the first time on appeal. *Hargrove v. Gerill Corp.*, 124 Ill. App. 3d 924, 930 (1984). In addition, Lukaszewicz does not cite nor does our research reveal that any specified procedure is necessary before a court may appoint a receiver. We also note that relevant evidence was submitted to the court by affidavit, documents, and photographs attached to the pleadings. So, evidence was available in the record for the court to consider in its decision.

¶ 24        Last, Lukaszewicz argues that available alternative measures could have been employed to accomplish the tasks the court assigned to the receiver. Specifically, Kodryan could have used discovery to ascertain the status of the company's assets or sought an injunction to secure the retention of records. The mere existence of alternatives, however, does not render the court's decision to appoint a receiver an abuse of discretion. Absent a showing that the court acted arbitrarily, unreasonably, failed to employ conscientious judgment, or ignored recognized principles of law, the fact that alternatives existed is virtually irrelevant. See *In re Commissioner of Banks & Real Estate*, 327 Ill. App. 3d 441, 476 (2001) ("An abuse of discretion exists where no reasonable person would take the position adopted by the trial court [citation], or where the trial court acts arbitrarily, fails to employ conscientious judgment, and ignores recognized principles of law. [Citation]."). Since Lukaszewicz has failed to make such a showing, we find this argument unpersuasive.

¶ 25                           III. CONCLUSION

¶ 26        For these reasons, we find that Lukaszewicz has not shown the trial court abused its discretion by appointing a receiver. Accordingly, the judgment of the trial court is affirmed.

¶ 27        Affirmed.