EDWARD SEYMOUR |
v.
JAMES A. EDWARDS ET AL.

*Administration—Conspiracy to Defraud Legal Heirs—Jurisdiction—*
*Evidence—Admissions—Parties—Unknown Heirs—Practice.*

1.  A bill charging conspiracy to defraud legal heirs and alleging that the complainants were in ignorance thereof until after the settlement of the estate in question, will justify the intervention of a court of chancery.

2.  To an action of this character all known heirs must be made parties, and, as to unknown heirs, summons must issue in conformity with the statute.

3.  Persons whose names and places of residence are easily obtainable can not be made parties as unknown heirs.

4.  It is sufficient if the facts upon which a decree is based appear in the record.

[Opinion filed February 21, 1889.]

APPEAL from the Circuit Court of Morgan County; the Hon. CYRUS EPLER, Judge, presiding.

Messrs. MORRISON & WHITLOCK, for appellant.

We urge that under the facts as disclosed by the evidence there is nothing in this case to give a court of chancery jurisdiction. The bill alleged a conspiracy, and we may concede, in argument, that if the conspiracy had been proven the court would have assumed jurisdiction; but the decree fails to find the conspiracy, and if it had, the evidence would have failed to justify the finding. The decree simply found that the allegations in the amended bill are true, and that Edward Seymour is indebted to the estate of Mrs. O'Brien in the sum of $1,230.46. This is, then, like any other debt due to the estate of the decedent, and could have been reached in the regular and ordinary course of administration in the Probate Court of the county, and if Spires, the administrator, having been discharged, could not act, what was there to prevent a supplementary administration, in the nature of administration *de bonis non*, being resorted to? It is only in extraordinary cases that chancery will assume the jurisdiction of administration. Freeland v. Dazey, 25 Ill. 294; Heustis v. Johnson, 84 Ill. 61.

The decree is defective in not finding facts upon which to base the judgment of the court. The decree simply says that the court finds the allegations in the amended bill to be true. What facts? The decree is silent. We understand that the finding part of the decree should set out the facts as found by the court, to justify the ordering part thereof.

We also urge as error the decree of the court directing the payment of the money to the clerk of the court. This decree, in fact, assumes the administration of the estate of Mrs. O'Brien, takes it from the Probate Court, and the clerk of the court, by the decree, is made the *de facto* administrator. This is done without bond or without any obligation as administrator. Neither does the bond of the clerk bind him with regard to money so paid to him. The Supreme Court of the State has decided that the payment of money to the clerk does not bind the securities on his bond. Seymore v. Haynes, 104 Ill. 175.

Messrs. M. T. LAYMAN, G. W. SMITH and O. A. DeLEUW, for appellees.

In the case of Freeland v. Dazey, 25 Ill. 294, the executor had not rendered a final account to the Probate Court and been discharged, as in the case at bar, and the Circuit Court only took jurisdiction of a part of the administration, and the court expressly say: "We will not question that a court of chancery may, in the exercise of its general jurisdiction, take upon itself the administrations of estates, and thus, in the particular case, supersede the jurisdiction of the Probate Court. In doing this, it will take the whole administration into its own hands, and administer according to the statute of wills, modified possibly in some cases by the principles of equity."

The rule announced in this case goes to sustain the jurisdiction of the Circuit Court.

In the case of Heustis v. Johnson, 84 Ill. 61, cited by appellant, the court say: "The County Court has full power to grant relief in the case made by the bill." The County Court still had jurisdiction of the estate in the above case, and there was no charge in the bill of a conspiracy to cheat and defraud, like there is in the present case, which the evidence fully sustains.

In the case of Jennings v. McConnell, 17 Ill. 148, the court say: "Courts of equity have general power in the matter of administration of estates, concurrent with the County Court in many respects, and to a large extent in general, as embracing

trusts, equitable assets, marshaling assets, and especially in matters regarding the realty, matters of discovery, fraud, and in the payment of legacies and the distribution of the surplus." Story Eq. Juris., Secs. 530 to 545.

Courts of equity have paramount jurisdiction in cases of administration and settlement of estates, and may control courts of law in their action in the settlement and distribution of assets. Grattan v. Grattan, 18 Ill. 167; Townsend et al. v. Radcliffe, 44 Ill. 446.

Where the County Court approves the account of an administrator and discharges him, an appeal by the heirs is not the proper remedy; they should proceed by bill in equity. Howard v. Slagle et al., 52 Ill. 336.

Where a party takes possession of property under claim of heirship a court of chancery has jurisdiction at the suit of another, claiming the property, to determine the true succession, and to decree an account. It is one of the usual grounds of equity jurisdiction to discover and compel an account of funds wrongfully concealed and withheld from the real owner. Russell et al. v. Madden, 95 Ill. 485.

WALL, P. J. This was a bill in chancery charging conspiracy by the defendants to defraud the heirs of Elizabeth O'Brien by so administering her estate as to enable the defendants to appropriate to themselves the chief part of the same. It was alleged that defendant Spires, who was the administrator, knowing that defendants William and Edward Seymour were indebted to the estate, corruptly filed his inventory, omitting all reference to their indebtedness, and that the matter was so managed as to enable the defendants to divide among themselves the moneys held by the Seymours, which should have been, but were not, collected or accounted for. It was alleged that complainants, who were the only heirs, had no knowledge of said conspiracy until the final report of the administrator had been approved, and he had been discharged. A demurrer to the bill was overruled and the defendants answered, denying the charges of fraud and conspiracy, averring that the deceased, being very old and having no kindred of

her own blood willing to care for her, arranged with defendant William Seymour that his minor daughter, Wilmath Seymour, should live with her, and that for the society and service of said Wilmath the deceased would, at her death, give said Wilmath all her property, and that if the deceased left any property it of right belonged to said Wilmath. Defendants also filed a plea setting up the administration and the settlement of the estate and discharge of the administrator as a bar to the bill. ˙ The plea was set down for hearing and disallowed. The bill was amended to show that Jordan Edwards, one of complainants, had died since the filing of the bill, and that prior to his death he had assigned to James A. Edwards all his interest in the estate; also that there were persons who were interested in the estate whose names were unknown to complainants, and asking that the unknown heirs of Elizabeth O'Brien might be made parties defendant. An affidavit was filed that there were such unknown parties and publication of notice was made as to them, but no process was issued against them. The cause was heard upon evidence which is fully preserved in the record, and a final decree was entered finding the allegations of the amended bill to be true and requiring defendant Edward Seymour to pay to the clerk of the court $1,320.46, and referring the cause to the master to take proof as to who are the heirs of Elizabeth O'Brien.

From this decree Edward Seymour has prosecuted an appeal and urges the following errors as grounds for reversal:

1. The facts alleged and proved give no jurisdiction to a court of equity.

2. The cause was tried without having all the parties in interest before the court.

3. Incompetent evidence was admitted on behalf of complainants and competent evidence offered by defendants was excluded.

4. No facts are set out in the decree upon which to base the order requiring appellant to pay said sum of money to the clerk of the court.

As to the question of jurisdiction, we are of the opinion that the allegations of the bill charging fraud and conspiracy

to cover up and divide the estate between the defendants, and that complainants had no knowledge thereof until the formal proceedings in the County Court were all done, furnished sufficient ground for the interposition of a court of equity, and that the facts proved support those allegations.

There is no doubt that defendant Edward Seymour had at least $1,000 of the money of the deceased, and while there is some reason for the contention of counsel that the money was given to him, yet there is enough to justify the conclusion that he was a mere custodian, that the fact was well known to Spires and William Seymour, and that there was an understanding between all three of the defendants substantially as charged in the bill. Here, we may notice the cross-error urged by appellee, that the judgment should have been larger, and in respect thereto we only care to say that we see no just ground in the proof upon which a greater sum could be allowed. True, there is some evidence, but it is not sufficiently definite, and we think the decree in this respect accords with the proof.

Here, also, we may notice the point made by appellant that the facts proved are not specifically recited in the decree; and as to this it is only necessary to say that it is sufficient if the facts upon which the decree is based appear in the record. They may be preserved by certificate of the judge, by report of the master, by depositions and exhibits, or by recitals in the decree.

It is not essential that the decree should recite the facts if they otherwise appear in the record. White v. Morrison, 11 Ill. 361. Many other cases in our reports upon this point might be cited, but it is unnecessary.

The evidence contained in this record under the certificate of the judge, and in the form of depositions, is properly preserved, and being thus made a part of the record there was no occasion to recite it in the decree.

The complaint as to the admission of incompetent evidence rests upon the proof allowed in behalf of complainants, that Spires and William Seymour had stated that, on the day of the funeral, Edward Seymour admitted to them he had

money belonging to deceased, which he would pay over to the proper authorities. This was competent, because it tended to prove they knew Edward owed the estate, and tended to show concert of action to perpetrate the fraud alleged. The court properly permitted them to deny that they ever made such admission, but would not permit them to go further and prove that he had not told them so.

It is not perceived that in this any substantial error was committed. The point was whether they had made the alleged admission, and when they were permitted to prove they had not made it they met all that was requisite in that regard.

As to the remaining point, that the heirs of Mrs. O'Brien were not made parties, we think there was error. She had no direct descendants, but there were a large number of persons descendants of her brothers and sisters, who were known, and there were others whose names and residence were easily obtainable, and who might, by a little care and effort, have been brought into court in the due and regular mode provided by law. The seventh section of our chancery code was not intended to apply to such parties, and it is a perversion of the statute to permit such persons as these, whose names and residence might have been obtained, and especially those whose names were known in a general way, to be made parties under the designation of unknown heirs. Wellington v. Hermans, 110 Ill. 564. Another objection is that no summons was issued for the unknown parties.

The section seven referred to, in express terms provides that "process shall issue against all such parties by the names and description given as aforesaid."

As the whole proceeding is statutory, the requirements of the statute must be substantially complied with, and where this is not done, the court gets no jurisdiction of the parties and its decree will not bind them.

Had they been properly brought within the jurisdiction the decree would have been conclusive against them if not set aside, and in collateral proceedings they could not complain of errors and irregularities in the record subsequent to the service.

T. H. & P. R. R. Co. v. Barr.

It is, of course, a general rule that errors not affecting the appellant can not be urged by him, but this is not of that character.

He has the right to insist upon such a decree as will protect him against subsequent claimants, and he may well ask that before he is required to pay this money, all persons who have a right to it or to any part of it, shall be brought regularly into court.

For this error the decree will be reversed and the cause remanded.

*Reversed and remanded.*