ARBUCKLE *v.* ROBINSON

No. 42016 November 20, 1961 134 So. 2d 737

*Breland & Whitten,* Sumner, for appellant.

*Murray L. Williams,* Water Valley, for appellee.

Kyle, J.

The appellant Chester Arbuckle was adjudged guilty of contempt of court by a decree of the Chancery Court of Yalobusha County rendered on August 27, 1959, and was sentenced to 30 days imprisonment in the county jail, said sentence, however, being suspended, conditioned upon and during good behavior. By the same decree the chancellor revoked the suspension of a 60-day sentence imposed on the appellant on March 1, 1957, in a former contempt proceeding in said cause, and ordered the appellant to serve said 60-day sentence in the county jail. From the decree entered on August 27, 1959, the

appellant has prosecuted this appeal. The convictions for contempt of court were based upon alleged violations of a permanent injunction issued on November 25, 1958, and a temporary injunction theretofore issued on November 28, 1956, in a boundary line suit filed by E. A. Robinson, as complainant, against the said Chester Arbuckle, as defendant.

The record shows that the appellant Chester Arbuckle and the appellee E. A. Robinson married sisters; that they live on adjoining farms a short distance from the unincorporated village of Tillatoba in Yalobusha County; that Robinson's house is located on the west side of U. S. Highway No. 51 and faces the highway; and that Arbuckle's house is located approximately 120 yards westwardly or southwardly from the Robinson house and faces a gravel road; that several years prior to the date of the rendition of the decree appealed from Arbuckle and Robinson became involved in a controversy over the ownership of a small wedge-shaped strip of land located along the dividing line which separated their properties, the wedge-shaped strip of land being approximately 12 or 20 feet wide at its south end and tapering to a point at the north end.

On October 1, 1956, Robinson filed a bill of complaint in the Chancery Court of the First Judicial District of Yalobusha County against Arbuckle asking for a temporary injunction enjoining Arbuckle from trespassing upon the strip of land and for the cancellation of Arbuckle's claim of ownership as a cloud upon his title to the strip of land. Robinson also asked that damages be awarded to him and that the injunction be made permanent. The cause was heard on November 16, 1956, on the complainant's application for a temporary injunction, and at the conclusion of the hearing the Court entered a decree granting a temporary injunction as prayed for in the complainant's bill. The injunction was issued and served on Arbuckle on November 28, 1956, and on Feb-

ruary 18, 1958, Robinson filed a petition asking that Arbuckle be cited for contempt of court for violating the injunction. The citation was issued and on March 1, 1957, the Court after a hearing entered a decree finding Arbuckle guilty of contempt of court for violating the injunction, and the court sentenced Arbuckle to imprisonment in the county jail for a term of 60 days as punishment for said contempt, "said sentence being, however, suspended conditioned upon and during the good behavior of the defendant."

After considerable delay the cause was heard on its merits, and a final decree was entered on October 31, 1958, in which the court adjudged that Robinson was the owner in fee simple of the land described in said decree, which included the small strip of land in controversy, and that Robinson was entitled to the immediate possession of said land; and in its decree the court ordered that Arbuckle surrender to Robinson the exclusive possession of said land, and that he refrain from trespassing upon any part of said land and from asserting or claiming title thereto; and the court cancelled, as a cloud on the complainant's title, the defendant's claim to said land. The court also made the temporary injunction theretofore issued permanent, and directed that a permanent injunction be issued enjoining the defendant "in the matters as contained in said temporary injunction." The court held that the complainant's claim for damages had not been sustained by the proof. The permanent injunction was issued on November 24, 1958. From that decree Arbuckle prosecuted an appeal to this Court; and on February 1, 1960, this Court affirmed the decree of the lower court without a written opinion. See Arbuckle v. Robinson (Miss.), 117 So. 2d 468.

On August 5, 1959, the complainant Robinson filed another petition for citation for contempt against the defendant Arbuckle and for revocation of the suspension

of the 60-day sentence imposed upon the defendant for contempt by the decree rendered on March 1, 1957. In his petition the complainant alleged that notwithstanding the fact that the defendant was under a suspended sentence for contempt imposed by the decree of March 1, 1957, for his violation of the temporary injunction, and notwithstanding the fact that he was enjoined permanently by the decree of October 31, 1958, from violating the terms of the temporary injunction, the defendant had persisted in violating said injunction. The complainant further alleged that on August 4, 1959, the defendant had assaulted the complainant and had struck him with his fist and threatened to strike him again, while the complainant was leaving "a function whereat several people were present" in his automobile; that the assault mentioned was only one of many acts committed by the defendant since the commencement of said suit which were intended and calculated by the defendant to intimidate, scare and deter the complainant from the exercise of his rights as adjudged to him by the court, in violation of the above mentioned injunction, and was a breach of good behavior warranting the court to revoke the suspension of sentence for the former contempt of court. The complainant also alleged that the defendant had pastured the land which he owned next to that of the complainant, and that the defendant's horse had ranged on the land of the complainant and up to the fence, which the court had found to be on the complainant's land; and that the defendant, in doing so, had violated the above mentioned injunction against trespassing on the complainant's land. The complainant therefore prayed that a citation be issued for the defendant to appear and show cause, if any, why he should not be held in contempt for his disobedience of the writ of injunction, and why the suspension of sentence imposed in the former contempt proceeding should not be

revoked and the defendant ordered to serve said 60-days jail sentence.

The cause was heard by a special chancellor on August 27, 1959. The testimony showed that the alleged assault took place during the evening of August 4, 1959, near the front entrance of the community house in the village of Tillatoba while the votes were being counted in the Democratic primary election of that date. At the conclusion of the hearing the court found that the defendant was guilty of the charge made against him, and that the defendant was in wilful contempt of the court for his violation of the permanent injunction issued on November 24, 1958; and as punishment for said contempt the defendant was sentenced to imprisonment in the county jail for thirty days, said sentence, however, being suspended conditioned upon and during good behavior of the defendant. The court further found and adjudged that the defendant had so conducted himself that he had not been in good behavior since the rendition of the decree of March 1, 1957, and that the suspension of the sentence imposed by that decree should be revoked and the defendant required to serve out said sentence. The court therefore ordered that said suspension be revoked and that the defendant be required to serve the 60 days sentence imposed by that decree, and that he be remanded to the custody of the sheriff to serve said sentence.

The appellant's attorneys have assigned and argued two points as grounds for reversal of the decree of August 27, 1959, as follows: (1) That the appellant's misconduct at the polling place was not a violation of the permanent injunction issued against him on November 24, 1958, which injunction dealt solely with the land line controversy between the appellant and the appellee; (2) that the chancellor had no authority to breath life into the decree of March 1, 1957, which had been merged in the permanent injunction dated November 24, 1958,

and thereby reimpose the 60-days sentence imposed and suspended during good behavior by the decree of March 1, 1957; and (2) that the court had no power to enjoin "good behavior" of the appellant toward the appellee in all matters, including those outside the scope of the original controversy, for the reason that such order would deprive the appellant of his liberty without due process of law, and in fact constitute government by injunction. In short, the appellant argues (1) that the court committed error in finding that the defendant was guilty of contempt of court by the alleged violation of the permanent injunction on August 4, 1959; and (2) that the court erred in revoking the suspension of the 60-days sentence for contempt imposed by the interlocutory decree dated March 1, 1957.

We think that the appellee's proof was insufficient to show that the appellant had violated the injunction of November 24, 1958.

 █ Whether the acts or omissions of the party enjoined fall within the prohibition of the decree or writ is to be determined from the injunction itself, read in view of the relief sought and the issues made in the case before the court which rendered it, and the injunction will not be given a wider scope than is warranted by such construction. 28 Am. Jur., p. 836, Injunctions, Sec. 324, and cases cited.

The writ of injunction issued on November 24, 1958, enjoined the appellant "from trespassing, either personally or by agent or tenant, upon any of the lands owned or rented by the complainant, E. A. Robinson," as specifically described in the writ, "and from committing, or threatening to commit, any act of violence upon said complainant, E. A. Robinson, or upon any agent, employee or tenant of the said E. A. Robinson, in connection with said E. A. Robinson's fencing any of said land, or in connection with his full use, occupancy, and enjoyment of all of same, and from asserting any

claim or doing any act of ownership in or of any of said lands."

There is no testimony in the record to justify a finding that the assault made by the appellant upon the appellee on August 4, 1959, was connected in any way with the boundary line controversy which resulted in the issuance of the permanent injunction, or with the appellee's fencing or his use, occupancy and enjoyment of the land involved in that controversy, or with any claim of ownership by the appellant to an interest in the land described in the writ of injunction. As to the charge that the appellant was guilty of trespass by permitting his horse to graze on the small strip of land which the court found was owned by the appellee, there is no clear and convincing evidence in the record to support that charge. The record shows that the complainant was asked by his own attorney, "Have you had any difficulty with Mr. Arbuckle since November 24, 1958?" His answer was, "Haven't had anything — any words with him only this night he hit me; only his horse, one time it was out and came in my yard, and every day it is over to the fence to where the surveyor says is on my land."

What we have said above, however, concerning the insufficiency of the appellee's proof to show that the appellant had violated the writ of injunction issued on November 24, 1958, has no application to that part of the decree appealed from which revokes the suspension of the 60-days sentence imposed upon the appellant by the decree of March 1, 1957, for a violation of the temporary injunction.

In discussing the question as to the amount of proof required to justify the trial judge in revoking a suspended sentence, Judge Anderson in the case of McLemore v. State, 170 Miss. 641, 155 So. 415, made it clear that a hearing upon a petition for revocation of a suspension of sentence is not in the nature of a criminal

trial, and that it is only necessary that the evidence be sufficient to convince the court that the conditions of the suspension have been violated.

██ █ The decree of March 1, 1957, shows that the sentence imposed by that decree was suspended "conditioned upon and during good behavior of the defendant." The term "good behavior" meant that the defendant would demean himself as a law-abiding citizen worthy of judicial clemency in his dealing or contacts with the appellee, not merely that he would refrain from fusses, fights or controversies about the fence alone, or the disputed boundary line. State v. Everitt, 164 N. C. 399, 79 S. E. 274, 47 L. R. A., N. S., 848; State v. Millner, 240 N. C. 602, 83 S. E. 2d 546; State v. Sanders, 132 Kan. 450, 295 P. 725. The chancellor found, upon conflicting evidence, "that Mr. Arbuckle did go back to the left front door of the car, thrust his hand in and hit Mr. Robinson without cause or justification," and "that the defendant made an unwarranted, unnecessary and unqualified attack upon the complainant who was seated in his car, which was not at all necessary, which was not in self-defense of any kind, and which it appears could have been only the result of animosity toward the complainant." The chancellor then stated that "the court can reach no other conclusion than that the defendant has violated the terms of the decree of March 1, 1957, and that his violation thereof has been wilful and contumacious."

██ █ We think that the evidence in the case was sufficient to show that the conditions of the suspension of the 60-days sentence imposed upon the appellent by the decree of March 1, 1957, had been violated, ██ █ and there was no error in the court's action in revoking the suspension and ordering that the appellant be taken into custody and required to serve said sentence.

██ █ The appellant contends that the 60-days sentence imposed on March 1, 1957, for a violation of the

temporary injunction, had been merged with the permanent injunction issued on November 24, 1958, and for that reason the suspension of the 60-days sentence could not be revoked because of acts occurring after the issuance of the permanent injunction; in other words, that the suspended sentence ordered as a result of the violation of the temporary injunction had to be imposed and served before the issuance of the permanent injunction, unless the permanent injunction itself carried forward and made effective the 60-days suspended sentence. But we think that argument is untenable. The final decree, rendered on October 31, 1958, did not provide that the temporary injunction theretofore issued be dissolved, but, on the contrary, expressly provided that the temporary injunction should be made permanent, and that a permanent injunction should be issued enjoining the defendant in the matters as contained in said temporary injunction. The sentence imposed upon the appellant by the decree of March 1, 1957, was imposed as punishment for the violation of the temporary injunction, which was made permanent by the final decree; and it was no defense to the charge that the appellant had violated the conditions of the suspension of the 60-days sentence imposed by the decree of March 1, 1957, that the violation of the conditions of the suspension did not occur until after the entry of the final decree on October 31, 1958. Nothing was said in the final decree to indicate that the provisions of the decree of March 1, 1957, from which no appeal was taken, should be annulled or vacated or in any manner affected by the rendition of the final decree.

The decree of the lower court will therefore be reversed in so far as it relates to the finding that the appellant was guilty of wilful contempt of the court for violating the permanent injunction issued on November 24, 1958, and in so far as it relates to the imposition of punishment on the appellant for the alleged violation

of the permanent injunction, and a judgment of not guilty will be entered here as to that charge. The decree of the lower court will be affirmed as to that part of said decree which revoked the suspension of the 60-days sentence imposed upon the appellant by the decree of March 1, 1957, and ordered that the appellant be required to serve said 60-days sentence in the county jail; and the cause will be remanded to the lower court for the enforcement of said sentence.

Affirmed in part and Reversed in part, and cause remanded.

*McGehee, C. J.,* and *Ethridge, Gillespie* and *Jones, JJ.,* concur.