NORWEST MORTGAGE, INC., Plaintiff-Appellee, v. MARIA OZUNA *et al.*, Defendants (Michael F. Sheahan, Sheriff of Cook County, Contemnor-Appellant).—MIDLAND MORTGAGE COMPANY, Plaintiff-Appellee, v. EMMER WILLIS *et al.*, Defendants (Michael F. Sheahan, Sherriff of Cook County, Contemnor-Appellant).—MELLON MORTGAGE COMPANY, Plaintiff-Appellee, v. DEREK VAUGHN *et al.*, Defendants (Michael F. Sheahan, Sheriff of Cook County, Contemnor-Appellant).

First District (5th Division)   Nos. 1—98—1481 through 1—98—1483 cons.

Opinion filed December 28, 1998.—Rehearing denied January 28, 1999.

Richard A. Devine, State's Attorney, of Chicago (Patricia M. Shymanski, Allen Kirsh, and Donna M. Lach, Assistant State's Attorneys, of counsel), for appellant.

Harold I. Levine, Hal R. Morris, Samuel H. Levine, and David S. Horwitch, all of Arnstein & Lehr, of Chicago, for appellees.

William P. Wilen and Daniel P. Lindsey, both of National Clearinghouse for Legal Services, Inc., and Jennifer J. Payne and David H. Haracz, both of Legal Assistance Foundation, both of Chicago, for *amicus curiae*.

PRESIDING JUSTICE HOURIHANE delivered the opinion of the court:

Contemnor Michael F. Sheahan, sheriff of Cook County, appeals from orders of the circuit court adjudging him in contempt for refus-

ing to execute certain orders for possession entered in favor of plaintiffs Norwest Mortgage, Inc., Midland Mortgage Company and Mellon Mortgage Company. On appeal, contemnor contends that (1) the aforementioned orders for possession were void *ab initio*, (2) those same orders were otherwise unenforceable, and (3) his refusal to execute was not contemptuous in light of a federal court injunction enjoining enforcement of orders for possession directed against generically named defendants in mortgage foreclosure actions.[1]

For the reasons that follow, we affirm in part and reverse in part.

## BACKGROUND

In 1996 and 1997, plaintiffs initiated mortgage foreclosure actions, in federal court, against defendants Maria Ozuna, Emmer Willis, Elaine Holland and unknown occupants. Judgments of foreclosure were subsequently entered, and the underlying properties were sold to plaintiffs at auction. Following approval of the aforementioned sales, plaintiffs commenced forcible entry and detainer actions in the circuit court of Cook County. Those actions were directed against "Maria Ozuna and Unknown Occupants," "Emmer Willis, Zettie Willis, Sheila Willis and Unknown Occupants," and "Derek Vaughn, Robin Vaughn, Joseph Vaughn and Unknown Occupants," respectively. As to all specifically named defendants, service of process was duly had.

On April 3, 9 and 13, 1998, orders for possession were entered against defendants and unknown occupants.

However, shortly thereafter, plaintiffs were notified by contemnor that he would not execute the aforementioned orders. According to contemnor, he was precluded from doing so pursuant to an injunction entered in the federal case of Rembert v. Sheahan, 92 C 67 (hereafter *Rembert*), a section 1983 action brought against him in the United States District Court for the Northern District of Illinois, which forbids his enforcement of orders for possession against generically described defendants in mortgage foreclosure actions.

Plaintiffs responded with motions to find contemnor in contempt and to compel his execution of the orders for possession. A hearing followed. Therein, the circuit court found that the *Rembert* injunction did not apply to forcible entry and detainer actions, and, therefore, contemnor was in contempt for refusing to execute the aforementioned orders.

Contemnor appealed shortly thereafter.

---

[1]As a part of these consolidated appeals, the Poverty Law Project of the National Clearinghouse for Legal Services, Inc., and the Legal Assistance Foundation of Chicago have been granted leave to appear as *amici curiae*. 155 Ill. 2d R. 345.

## DISCUSSION

### I

*Amici curiae* contend that these consolidated appeals are moot and, in support thereof, have included affidavits from Maria Ozuna, Emmer Willis and Derek Vaughn, each of which avers that no occupants unknown to plaintiff currently reside in the premises at issue.

Contemnor and plaintiffs do not disagree with the substance of those affidavits, but argue that a substantial public interest justifies review of these consolidated appeals.

■ An appeal is moot where no actual controversy exists or where it is impossible for a court to grant effectual relief. *Dixon v. Chicago & North Western Transportation Co.*, 151 Ill. 2d 108, 116, 601 N.E.2d 704 (1992). In such instances, review is normally precluded. *Dixon,* 151 Ill. 2d at 116. However, several exceptions to the mootness doctrine exist, one of which concerns appeals of issues of substantial public interest. *In re E.G.*, 133 Ill. 2d 98, 105, 549 N.E.2d 322 (1989); *In re Estate of Brooks*, 32 Ill. 2d 361, 364-65, 205 N.E.2d 435 (1965); *People ex rel. Wallace v. Labrenz*, 411 Ill. 618, 622-23, 104 N.E.2d 769 (1952). Whether an appeal merits inclusion within that exception requires a court to determine the public or private nature of the contention, whether an authoritative determination would be desirable for the future guidance of public officers and whether there is a likelihood such a contention could recur. *In re E.G.*, 133 Ill. 2d at 105.

■ Here, these appeals address an issue of substantial public interest, an authoritative determination of which is clearly desirable. In addition, the circumstances around which these appeals were taken are likely to recur. Indeed, contemnor states, on appeal, that he expects to receive many more orders for possession directed against defendants generically described as "unknown occupants." Accordingly, these appeals, although lacking an actual controversy, warrant review pursuant to the substantial public interest exception.

### II

Contemnor initially contends that the circuit court erred in adjudging him in contempt. According to contemnor, the circuit court lacked *in personam* jurisdiction over those defendants generically described within the orders for possession as "unknown occupants" where the record on appeal failed to establish that plaintiffs had complied with the provisions of section 2—413 of the Code of Civil Procedure (Code) (735 ILCS 5/2—413 (West 1996)).

■ Plaintiffs counter that this contention has been waived in that contemnor failed to advance as much within the circuit court. Plaintiffs are mistaken. The jurisdiction of a circuit court may be chal-

lenged at any time. *In re Marriage of Mitchell*, 181 Ill. 2d 169, 174, 692 N.E.2d 281 (1998); *Morey Fish Co. v. Rymer Foods, Inc.*, 158 Ill. 2d 179, 186-87, 632 N.E.2d 1020 (1994); *R.W. Sawant & Co. v. Allied Programs Corp.*, 111 Ill. 2d 304, 309, 489 N.E.2d 1360 (1986).

■ Section 2—413 of the Code provides the means by which *in personam* jurisdiction is obtained over unknown parties. The provisions of that section specifically require that, prior to the issuance of summons for such parties, a plaintiff file an affidavit stating that, upon due investigation, the proper names of certain persons who may have an interest in the underlying action are unknown. 735 ILCS 5/2—413 (West 1996). The provisions of that section further mandate that summons be served by publication. 735 ILCS 5/2—413 (West 1996). Substantial adherence to the provisions of section 2—413 is required. See *Seymour v. Edwards*, 31 Ill. App. 50, 56 (1889).

■ Here, the record on appeal contains no section 2—413 affidavits from plaintiff. Neither does the record on appeal contain any evidence that summons for "unknown occupants" were served by publication. Indeed, the record on appeal contains no evidence that plaintiffs substantially complied with the specific provisions of section 2—413. Consequently, the record on appeal fails to establish that the circuit court ever obtained *in personam* jurisdiction over those defendants generically described as "unknown occupants." The resulting orders for possession were accordingly void *ab initio* insofar as they concerned those same defendants. See *Ashlock v. Ashlock*, 360 Ill. 115, 121, 195 N.E. 657 (1935); *Keal v. Rhydderck*, 317 Ill. 231, 236, 148 N.E. 53 (1925); *In re Jennings*, 32 Ill. App. 3d 857, 860, 336 N.E.2d 786 (1975), *aff'd & rem'd*, 68 Ill. 2d 125, 368 N.E.2d 864 (1977).

That notwithstanding, the orders for possession were *not* void *ab initio* as to those defendants specifically named therein. *Filosa v. Pecora*, 18 Ill. App. 3d 123, 128-30, 309 N.E.2d 356 (1974); *Thompson v. Glover*, 115 Ill. App. 2d 253, 259-60, 253 N.E.2d 132 (1969); see *Chmielewski v. Marich*, 2 Ill. 2d 568, 576, 119 N.E.2d 247 (1954). Indeed, our supreme court long ago stated as follows:

> "If the whole judgment is void when all the matters adjudicated by it are outside of the issue, then, when two matters adjudicated upon by a judgment are shown upon the face of the judgment record to be easily and naturally separable, and one of them to be within the jurisdiction of the court, and the other to be beyond its jurisdiction, the judgment may be held to be valid as to the former matter, and void as to the latter. In such case, the judgment will be sustained so far as it adjudges what the court has the power to adjudge as being within the issue, and will be void so far as it attempts to adjudicate upon what is beyond its power as being outside

of the issue." *Belford v. Woodward*, 158 Ill. 122, 134, 41 N.E. 1097 (1895).

Here, the underlying orders for possession are easily separable between those defendants specifically named therein and those defendants generically described as "unknown occupants." Moreover, the record on appeal readily establishes that summons in the underlying forcible entry and detainer actions were duly served upon Maria Ozuna (735 ILCS 5/9—107 (West 1996)), Emmer Willis, Zettie Willis, Sheila Willis, Derek Vaughn, Robin Vaughn (735 ILCS 5/2—203(a)(2) (West 1996)) and Joseph Vaughn (735 ILCS 5/2—203(a)(1) (West 1996)), thus vesting the circuit court with *in personam* jurisdiction thereover. The orders for possession, therefore, were void *ab initio* only insofar as they concerned those defendants generically described therein as "unknown occupants."

## III

■ Contemnor next contends that the orders for possession were otherwise unenforceable in that no judgments were entered against any of the defendants generically described as "unknown occupants." Specifically, contemnor contends that the orders for possession were judgments as to fewer than all the parties, none of which contained Supreme Court Rule 304(a) (155 Ill. 2d R. 304(a)) findings.

This contention, however, has been waived, for contemnor failed to advance as much within the circuit court. *Eagan v. Chicago Transit Authority*, 158 Ill. 2d 527, 534, 634 N.E.2d 1093 (1994).

## IV

Contemnor lastly contends that his refusal to execute the aforementioned orders for possession was not contemptuous in light of the *Rembert* injunction, which prohibited him from executing orders for possession directed against generically named defendants in mortgage foreclosure actions. According to contemnor, those defendants generically described as "unknown occupants," against whom plaintiffs brought their respective forcible entry and detainer actions, were members of that class of persons protected under the *Rembert* injunction. Therefore, concludes contemnor, he was duly justified in refusing to execute the underlying orders for possession.

The federal injunction upon which contemnor justifies his refusal provides, in pertinent part, as follows:

"A. Enforcement of Orders of Possession Against Named Persons Only. *In executing court orders in mortgage foreclosure proceedings issued by an Illinois state court or a federal district court subsequent to the effective date of this Judgment Order*, which orders (the 'orders of possession') award of possession of mortgaged real estate

(the 'premises') or a portion thereof: (1) to the holder of the certificate of sale of the premises, or (2) to the holder of the deed to the premises issued pursuant to that certificate, or (3) if no certificate or deed was issued, to the purchaser at the sale of the premises, or (4) to a receiver, or (5) to a mortgagee-in-possession, or (6) to any other person or entity (collectively, the 'purchaser'), *the Sheriff, his agents, employees and all persons acting in concert with him shall enforce such orders of possession: (a) only against an occupant of the premises who is personally and by name designated in said order and shall not enforce orders of possession against an occupant of the premises who is described in said orders by the description 'occupant,' 'unknown occupant,' 'unknown tenant,' 'all parties/persons now in possession,' 'non-record claimant,' 'unknown owner' or any other generic description,* and (b) only pursuant to the procedures set forth in paragraph B below." (Emphasis added.)

Moreover, according to that injunction, the foregoing provisions inure to the benefit of the following class of persons:

"All persons living in Cook County, Illinois[,] in residences that are or will be subject to mortgage foreclosure proceedings in the Circuit Court of Cook County, Illinois, or the United States District Court for the Northern District of Illinois, who (a) are or will be deprived of possession of their residences and/or personal property (at such residences) by the Sheriff of Cook County, Illinois, his agents, employees and all persons acting in concert with him pursuant to an order of possession issued by an Illinois state court or a federal district court to the purchaser of the foreclosed property (the 'purchaser'); and (b) have not, prior to such deprivation, been afforded, personally and by name, prior written notice of the purchaser's intent to seek possession of the foreclosed property and an opportunity to respond thereto in a court proceeding."

Like any other written instrument, an injunction is to be reasonably construed, as a whole, so as to give effect to the intention of the issuing court. *Neidhardt v. Frank*, 325 Ill. 596, 602, 156 N.E. 769 (1927); *Winter v. Winter*, 69 Ill. App. 3d 359, 363, 387 N.E.2d 695 (1978); *Pope v. Pope*, 7 Ill. App. 3d 935, 937, 289 N.E.2d 9 (1972).

■ Here, the *Rembert* injunction addresses itself specifically to orders for possession in mortgage foreclosure actions. However, the underlying orders for possession refused by contemnor originated in actions for forcible entry and detainer. An action for mortgage foreclosure and an action for forcible entry and detainer are separate and distinct. *Heritage Pullman Bank v. American National Bank & Trust Co.*, 164 Ill. App. 3d 680, 685, 518 N.E.2d 231 (1987). Each proceeds upon different facts, involves different parties and issues and provides different relief. *Heritage Pullman Bank*, 164 Ill. App. 3d at 685. In

short, each has a different focus. *Heritage Pullman Bank*, 164 Ill. App. 3d at 685. In light thereof, any construction of the *Rembert* injunction which seeks to include forcible entry and detainer actions within the purview of that order ignores the manifestly limited scope of the federal court injunction, and must therefore be rejected. As a result, the existence of the *Rembert* injunction affords contemnor no justification for refusing to execute the orders for possession issued by the circuit court within the underlying forcible entry and detainer actions.

■ Be that as it may, the judgments of contempt cannot stand. The record on appeal reflects that contemnor refused to execute the aforementioned orders for possession solely in an attempt to obtain review of those orders, which, in good faith, he believed he could not discharge. In such instances, judgments of contempt are recognized for what they are and vacated by the court of review. See *People ex rel. Scott v. Silverstein*, 87 Ill. 2d 167, 171-72, 429 N.E.2d 483 (1981); *SK Handtool Corp. v. Dresser Industries, Inc.*, 246 Ill. App. 3d 979, 1001, 619 N.E.2d 1282 (1993); *Sakosko v. Memorial Hospital*, 167 Ill. App. 3d 842, 848, 522 N.E.2d 273 (1988). Accordingly, the judgments of contempt are hereby vacated.

## CONCLUSION

For the aforementioned reasons, we affirm the underlying orders for possession with regard to those defendants specifically named therein. However, as to those defendants generically described therein as "unknown occupants," those same orders are vacated as void *ab initio*. We also vacate the judgments of contempt against contemnor. Finally, this matter is remanded to the circuit court for further proceedings not inconsistent with this order.

Affirmed in part; vacated in part and remanded.

GREIMAN and THEIS, JJ., concur.