An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

THE STATE OF NEVADA,
Appellant,
vs.
MIKE VINCENT REYES,
Respondent.

No. 64277

**FILED**

JAN 3 0 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK



*ORDER OF REVERSAL*

This is a State's appeal from an order of the district court granting a motion to set aside illegal conviction and sentence. Eighth Judicial District Court, Clark County; Jessie Elizabeth Walsh, Judge.

On September 8, 2011, respondent Mike Reyes was convicted of a felony offense for violating the conditions of lifetime supervision (NRS 213.1243(8)). Following his conviction, Reyes filed a motion to set aside illegal conviction and sentence. Reyes argued that an injunction entered in *ACLU of Nev. v. Masto*, 719 F. Supp. 2d 1258 (D. Nev. 2008) (*Masto I*), enjoined the amendment to NRS 213.1243 that eliminated the misdemeanor/minor violation of lifetime supervision and that based upon his conduct he could only have been charged with and convicted of a misdemeanor offense. The district court granted the motion, set aside the conviction, dismissed the charges, and ordered Reyes' immediate release.

The State appealed. After the district court's decision to grant the motion, the Court of Appeals for the Ninth Circuit reversed the lower federal court's decision in *Masto I* regarding AB 579 and concluded that the litigation regarding SB 471, the bill at issue in this case, was likely moot but that the parties should fashion a consent decree. *ACLU of Nev.*

15-03298

*v. Masto*, 670 F.3d 1046, 1052-66 (9th Cir. 2012) (*Masto II*). The federal district court entered a clarifying order in 2013 recognizing overly broad language in the original injunction in *Masto I* and clarifying that the injunction had only related to those provisions actually litigated by the parties. Because these latter decisions occurred after the district court's order granting relief in this case, this court vacated the order of the district court and remanded for reconsideration in light of the 2013 clarifying order. *State v. Reyes*, Docket No. 60273 (Order Vacating Judgment and Remanding, May 15, 2013). The district court was to consider the effect of the 2013 clarifying order, the effect of any uncertainty regarding the law concerning NRS 213.1243(8) at the time Reyes was charged and convicted, Reyes' liability under the prior version of NRS 213.1243 (allowing for a misdemeanor or felony offense depending upon the violations alleged), and any other issues the parties may raise.

Upon remand, Reyes argued that consideration of the 2013 clarifying order amounted to an ex post facto violation. Reyes further argued that he was not provided fair notice in violation of due process that his offense could be charged as a felony in light of the alleged uncertainty regarding the law after the injunction in *Masto I*. The district court again granted the motion and dismissed the charges, concluding that (1) the effect of the clarifying order in 2013 was prospective only because the 2008 injunction enjoined the entirety of SB 471, (2) there was substantial uncertainty regarding the law because of the language in the injunction in *Masto I* and the legal authority cited to by Reyes, (3) applying the 2013 clarifying order retroactively would be an ex post facto violation, and (4) Reyes could only be charged and convicted of a misdemeanor offense. The State again appeals.

The State argues that the district court erred in concluding that the 2008 injunction in *Masto I* enjoined the amendment to NRS 213.1243 that eliminated the misdemeanor/minor violation of lifetime supervision. We agree.

Injunctions are to be narrowly tailored to the constitutional violation at issue and portions of challenged legislation that are constitutionally valid, capable of functioning independently, and consistent with the objectives of the legislation must be retained. *See Ayotte v. Planned Parenthood of N. New England*, 546 U.S. 320, 328-29 (2006); *United States v. Booker*, 543 U.S. 220, 258-59 (2005). Further, because the violation of an injunction is subject to punishment, an injunction must provide "explicit notice of precisely what conduct is outlawed." *Schmidt v. Lessard*, 414 U.S. 473, 476 (1974).

The principles in drafting an injunction are informative in how to read an injunction. An injunction should be read "intelligently and in context." Dan B. Dobbs, *Law of Remedies* § 2.8(7), 220 (2d ed. 1993). To give effect to the intent of the court issuing the injunction, an injunction should be reasonably construed and read as a whole. *Norwest Mortgage, Inc. v. Ozuna*, 706 N.E.2d 984, 989 (Ill. App. Ct. 1998). And "'[t]o ascertain the meaning of any part of an injunction, the entire injunction must be looked to; and its language, like that of all other instruments, must have a reasonable construction with reference to the subject about which it is employed.'" *Old Homestead Bread Co. v. Marx Baking Co.*, 117 P.2d 1007, 1009-10 (Colo. 1941) (quoting 32 CJ 370, § 624). In discussing the narrow interpretation of a decree, the Massachusetts Supreme Court has stated that "[a] decree is always to be construed in reference to the facts stated in the bill and proved or admitted at the hearing. For its effect, it rests upon

SUPREME COURT OF NEVADA

(O) 1947A

3

the averments of the bill, and it has no relation to matters not included in the litigation." *Att'y Gen. v. New York, New Haven and Hartford R.R. Co.,* 87 N.E. 621, 622 (Mass. 1909). Likewise, the Mississippi Supreme Court has stated that in determining whether an action falls within the scope of an injunction one must look to the "injunction itself, read in view of the relief sought and the issues made in the case before the court which rendered it, and the injunction will not be given a wider scope than is warranted by such construction." *Arbuckle v. Robinson,* 134 So. 2d 737, 741 (Miss. 1961). An injunction would not prohibit acts not within its terms as reasonably construed. *Citizens Against Range Expansion v. Idaho Fish and Game Dep't,* 289 P.3d 32, 37 (Idaho 2012). This court has likewise looked to the record when an injunction failed to set forth the reasons for its issuance. *See Sowers v. Forest Hills Subdivision,* 129 Nev. ___, ___, 294 P.3d 427, 434 (2013).

In concluding that the 2008 injunction enjoined the entirety of SB 471, including the amendment to NRS 213.1243 that eliminated the misdemeanor/minor violation of lifetime supervision, the district court acknowledged that the injunction as drafted used overly broad language, but the district court felt constrained to give plain meaning to the final sentence in the injunction that enjoined SB 471. Although the injunction in *Masto I* included broad language in the final sentence, and other legal authorities repeated this language when describing the injunction, the injunction read as a whole and in context made it clear that the only provisions of SB 471 challenged and enjoined related to residence and

movement restrictions; provisions which are not at issue here.[1] Reviewing the litigation documents, there was never a cause of action based on the amendment to NRS 213.1243 that eliminated the misdemeanor/minor violation of lifetime supervision and none of the plaintiff Does alleged that they had been charged with any violation of lifetime supervision. Further, the federal court's order specifically stated that it was the retroactive application of the amendments in AB 579 and SB 471 that was at issue in the case. *Masto I*, 719 F. Supp. 2d at 1259-60. The amendment to NRS 213.1243 was not applied retroactively in this case: Reyes was placed on lifetime supervision in 2010 and violated the conditions in 2011, after the amendment took effect. And supporting a limited reading of the injunction is the opinion in *Masto II* which recognizes that the injunction was limited to the residence and movement restrictions set forth in SB 471. *Masto II*, 670 F.3d at 1051 n.3, 1061-66. The 2013 federal district order clarifying the injunction also supports this reading of the injunction as the federal district court expressly recognized the limited scope of the injunction and stated that "[a]ll other sections or sub-sections contained in S.B. 471 (2007), other than those specified . . . are subject to the enacting provisions set forth in S.B. 471 . . . and were in full force and effect as of the effective date of the bill." Thus, the 2008 injunction did not enjoin the amendment to NRS 213.1243 that eliminated the misdemeanor/minor

---

[1]The injunction appeared to also refer to G.P.S. monitoring, but the decision in *Masto II* makes it clear that this provision was not part of the original litigation and thus was not before the federal court. 670 F.3d at 1051 n.3.

violation of lifetime supervision and Reyes was properly charged with and convicted of a felony violation of lifetime supervision.[2]

In light of our conclusion that the 2008 injunction in *Masto I* did not include the amendment to NRS 213.1243 that eliminated the misdemeanor/minor violation of lifetime supervision, Reyes' argument that consideration of the 2013 clarifying order constitutes an ex post facto violation is without merit as the clarifying order did not change or alter the terms of the injunction as reasonably read. *See Mikel v. Gourley*, 951 F.2d 166, 169 (8th Cir. 1991) ("The distinction between modification and clarification is that a clarification 'does not change the parties' original relationship, but merely restates that relationship in new terms.'" (quoting *Motorola Inc. v. Computer Displays Int'l, Inc.*, 739 F.2d 1149, 1155 (7th Cir. 1984))); *Cunningham v. David Special Commitment Ctr.*, 158 F.3d 1035, 1037 (9th Cir. 1998) (recognizing that a modification of an injunction substantially alters the relationship of the parties); *Gon v. First State Ins. Co.*, 871 F.2d 863, 866 (9th Cir. 1989) (recognizing that a modification of an injunction "substantially change[s] the terms and force of the injunction").

We further conclude that Reyes' argument that he did not have fair notice that his conduct could be charged as a felony was without merit as he was provided notice of the severity of the penalty. *See Gollehon v. Mahoney*, 626 F.3d 1019, 1023 (9th Cir. 2010) (providing that

---

[2]Reyes' argument that the weight of legal authority supported his reading of the injunction is without merit. None of the authorities were asked to address whether the elimination of the misdemeanor/minor violation was enjoined by *Masto I* and the authorities appear to simply repeat the final line in the injunction. We are not convinced that repeating overly broad language gives effect to that language.

due process requires that a defendant receive fair notice of the severity of the penalty that may be imposed). At the time Reyes was placed on lifetime supervision, violated the terms of lifetime supervision, entered a guilty plea to a felony offense for the violation of lifetime supervision, and was convicted of the felony offense, NRS 213.1243(8) provided notice that a violation of the conditions of lifetime supervision was a felony offense and thus his due process rights were not violated.[3]

For the reasons set forth in this order, we

ORDER the judgment of the district court REVERSED.

_____, J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

cc:    Hon. Jessie Elizabeth Walsh, District Judge
Attorney General/Carson City
Clark County District Attorney
Clark County Public Defender
Eighth District Court Clerk

---

[3]We need not reach the State's argument regarding amending the charges in light of our disposition.